A. MONTAN & BROTHERS *v.* R. H. R. WHITLEY.

When an appeal bond is not large enough for a suspensive appeal it will sustain a devolutive appeal.

An agent is a competent surety on an appeal bond.

In a sale of a family of slaves, the avoidance of the sale as to one child affords no reason for avoiding the whole sale.

APPEAL from the District Court of East Baton Rouge, *Robertson*, J. *T. G. Morgan* and *J. Joor*, for plaintiff. *J. W. Seymour*, for defendant and appellant.

SPOFFORD, J. The appellees have moved to dismiss the appeal, for the insufficiency of the appeal bond.

If the bond is not large enough for a suspensive appeal bond it will sustain a devolutive appeal, and, under the late decisions, we are, therefore, authorized so to entertain this appeal.

*Falkner* was a competent surety. He has no interest in the case, and is only a party in his capacity as agent for the defendant *Whitley*.

The motion to dismiss is, therefore, overruled.

The plaintiff seeks the redhibition of the sale of a slave man and his three children, which were sold together for the sum of twenty-three hundred dollars. The defendant has appealed from a judgment avoiding the entire sale.

Waiving all the technical points, as immaterial, we find that there is no evidence sufficient to establish the existence of any redhibitory vice at the date of the sale, in any of the slaves, except the youngest child *Alexina*. The death of this slave, within a year after the sale, of a disease of which the symptoms showed themselves prior to the sale, notwithstanding proper medical attention, makes out a *prima facie* case for redhibition, which has not been rebutted. But, although the family was sold together, the avoidance of the sale as to one child affords no reason for avoiding the whole sale. The case does not fall within the principle of Article 2518 of the Civil Code; see *Audrey v. Fry*, 6 M. 696; 7 M. 33; *Bertrand v. Arcueil*, 4 An. 430. The value of the deceased slave is stated by one of the witnesses to have been $375 had she been sound. We think this a fair estimate of her relative value, as considered by the parties when the sale was made. Twenty-five dollars were expended by plaintiff upon her in medical and burial expenses. There is some evidence of a tender and no evidence of any objection, on the part of the defendant, to the form in which it was made, or of such response by him as he ought to have made.

As to the alleged vice of the slave *John*, it was not even set up until more than sixteen months after the sale, and the evidence of its existence at the date of the sale is of the most flimsy character. The girl *Lavinia* is still living, and there is no evidence of her being incurably diseased. No complaint is made of unsoundness in the girl *Harriet* who, from her age, was the most valuable of the lot.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and, proceeding to render such judgment as should have been rendered, it is ordered, adjudged and decreed, that the sale of the slave child *Alexina*, from the defendant to the plaintiff, on the 2d January, 1855, be avoided and set aside, on account of the redhibitory vices and maladies with which the said slave was then affected; and it is further ordered and decreed, that the plaintiffs recover of the defendant the sum of four hundred dollars, with five per cent. interest from judicial demand, for the price of the said slave and the expenses incident to her diseased condition, the said sum to be credited by the defendant or his agent, the garnishee in this cause, on one of the notes now in possession of the defendant, and given him by the plaintiff, as part of the price of the slaves sold on the 2d January, 1855, as appears by the notarial act, of which a copy is on file in the record: it is further ordered, that in all other respects there be judgment for the defendant and for the garnishee; the costs of the District Court to be paid by the defendant, and those of the appeal by the plaintiffs and appellees.