FRANCIS LOMBAS *v.* E. G. ROBICHAUX, Sheriff, et al.

The delay within which a suspensive appeal may be taken from an order of seizure and sale is fixed by Art. 525 of the Code of Practice, and, as amended, is in the country fifteen days, excluding Sundays.

The delay commences to run from the date of the service of the notice of the order of seizure and sale, which is notice of judgment to the possessor of the hypothecated property.

APPEAL from the District Court of the Parish of Lafourche, *Roman, J.*
*Thibodaux & Blake*, for plaintiff. *Beatty & Bush*, for defendants and appellants.

LAND, J. *Charles Simpson*, one of the defendants, obtained an order for the seizure and sale of certain mortgaged property in the possession of the plaintiff in this suit. The latter applied for, and obtained a suspensive appeal therefrom, which has been recently decided by this court.

The Sheriff disregarded the appeal, and was proceeding at the instance of *Simpson*, to execute the order of seizure and sale, when he was restrained by a writ of injunction sued out in this case.

The defendant, *Simpson*, attempts to justify the proceeding of the Sheriff, on the ground, that the appeal was not taken within the legal delay, and was, therefore, only devolutive. He contends, that the plaintiff's right to a suspensive appeal was limited by Article 735 of the Code of Practice, to three days, to be computed from the day on which the notice of the order of seizure and sale, was served upon him.

The meaning of this Article has been misapprehended. The three days therein mentioned, are days of grace, given to the possessor of mortgaged property; to pay the debt demanded before a seizure by the Sheriff. *Rowlett* v. *Shepherd*, 7 N. S. 514.

The delay within which a suspensive appeal may be taken, is fixed by Article 575 of the Code of Practice, and, as now amended, is in the country fifteen days, excluding Sundays. Phillips' Revised Statutes, p. 99.

In hypothecary actions the delay for a suspensive appeal, commences to run from the date of service of the notice of the order of seizure and sale, which is notice of judgment to the possessor of the hypothecated property. *Billet* v. *Henry*, 2 An. 145. C. P. 575, 624.

The plaintiff's appeal was taken within the delay provided by Article 575 of the Code of Practice, as amended, and had the effect of suspending the execution of the order of seizure and sale.

The injunction was, therefore, rightfully maintained by the District Judge, during the pendency of the appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.