THE STATE *v.* THE JUDGE OF THE SECOND DISTRICT COURT OF NEW ORLEANS.—On the relation of JACOB DENNY, praying for a mandamus.

In hypothecary actions the delay for a suspensive appeal commences to run from the date of service of the notice of the order of seizure and sale, which is notice of judgment to the possessor of the hypothecated property. 2 An. 145 ; 14 An. 105 ; C. P. 575, 624.

The notice required, of course, is a *legal* notice ; and a verbal notice by a friend, or a notice served upon an unauthorized person, is, in the eye of the law, no notice.

A curator *ad hoc* must be appointed for a mortgagor who is absent when executory process is sued out against the property mortgaged. 737 C. P.

An absentee is a person who has resided in the State, and has departed without leaving any one to represent him. C. C. 3522, No. 3.

A person who leaves his domicil for a temporary sojourn in another State is not an absentee, if there are persons at his dwelling on whom service can be made in conformity with Art. 189 of the C. P., or if he leaves a duly authorized mandatory to represent him.

The plaintiff in execution who undertakes to appoint a curator *ad hoc* to represent the defendant, should be ready to prove his absence or other sufficient cause for the appointment. 13 An. 312.

APPEAL from the Second District Court of New Orleans, *Bermudez, J. Robert Mott*, for relator. *Alfred & Felix Grima*, contra.

MERRICK, C. J. A rule was granted by this Court calling upon the

Judge of the Second District Court to show cause why a suspensive appeal from an order of seizure and sale should not be granted relator.

The District Judge having answered the rule, the case is before us on his answer, and it presents a question as to the power of a curator *ad hoc* of a person temporarily absent to represent him.

The plaintiff, in the order of seizure and sale, S. Roman, on the 20th of May, 1857, by notarial act sold for $270,532 39, partly for cash and partly on credit, to the relator, Jacob Denny, and two others, Hieronymus and Ross, *a plantation and slaves in the Parish of St. James*, a mortgage being reserved with the pact *de non alienando* to secure the unpaid portion of the price.

On the first of April, 1858, the vendees sold the plantation and slaves for $264,025 79 on credit to James Riggin, of New Orleans, who, in the act of sale, assumed the payment of the notes to S. Roman, the original vendor. Riggin died leaving a will, which was admitted to probate in the Second District Court of New Orleans, December 4th, 1860. He left his estate to his mother, Mrs. Rachel Sank, of Baltimore, as universal legatee, and she was put in possession of his succession. She appointed L. E. Reynolds, of this city, her agent to represent her.

On the 24th day of May, 1861, ($31,170 70 of the credit having fallen due) Roman applied to the *Second District Court of New Orleans* for an order of seizure and sale of the plantation and slaves in St. James against Mrs. Sank (represented by her attorney in fact), Jacob Denny, W. T. Hieronymous and Webb Ross. The latter was alleged to be an absentee, and D. O. Forcelle, Esq., was appointed curator *ad hoc* to represent him. In the petition for the order of seizure and sale, Jacob Denny is described both as of the Parish of Catahoula in this State and as a resident of New Orleans. On the 28th day of the same month (May, 1861), the plaintiff in the order of seizure and sale filed a supplemental petition, wherein he alleged "that since the said order was granted and issued, petitioner has been apprised that said Jacob Denny, then in New Orleans, one of said defendants, has absented himself from this city and left the State for Kentucky, and that it is therefore necessary that a curator *ad hoc* be appointed to represent the said absent defendant." On the prayer of the supplemental petition, the same curator *ad hoc* who had been appointed for Ross, was appointed to represent Jacob Denny.

On the 4th of June, 1861, Forcelle was served with a copy of the petition and a demand of payment. On the 14th of the same month he was served with notice of seizure, and on the 12th day of July, 1861, notice to appoint appraisers was also served.

In the act of sale from Roman to Denny and others, Denny is described as resident of the Parish of Catahoula. When he and his co-proprietors sold to Riggin, he appears in the act as resident in St. James, where the plantation was situated.

Since that sale his domicil (as alleged by plaintiff, Roman,) appears to be in the city of New Orleans. He occupies furnished apartments, where he sleeps and keeps his trunks and apparel, and he takes his meals at the St. Charles Hotel. He deals in horses, and usually spends his summers in Kentucky; but since he has become a resident of the city, pays rent for his rooms during his absence.

At the time the order of seizure and sale issued he had gone to Ken-

tucky, as was understood, on a visit to his daughter. He had returned the 31st of May, which was before the notices were served on Forcelle, having been telegraphed on account of the order of seizure and sale. It is not alleged that he absented himself or secreted himself from his lodgings and the St. Charles Hotel at the time the notices were served. It is true, however, that after remaining at home between two and three weeks, he was again absent from his lodgings for some time prior.to the 20th of July. Where he went and how long he was absent does not clearly appear.

On the 17th day of July, the relator presented a petition and offered ample security for a suspensive appeal. A rule was also taken on the plaintiff in the executory process to show cause why the suspensive appeal should not be granted.

The answer to the rule simply denies that an appeal will lie to correct any error in the execution of an order of seizure and sale; alleges that Jacob Denny was not entitled to personal notice because he had divested himself of ownership; alleges that notice to the defendant, Mrs. Sank, was notice to Denny; and finally, that Jacob Denny "having confessed judgment in case .the said mortgaged notes on which executory process has issued should not be paid at maturity," must be considered as cognizant of the judgment.

After a hearing, the rule was discharged, and the appeal was refused. Hence the present proceeding.

It is manifest that the regularity or irregularity of the order of seizure and sale has nothing to do with the merits of the question before us. The only question is, was the relator entitled to a suspensive appeal on the 17th of July? And, to answer this question, we must ascertain whether the notices served upon Mr. Forcelle, the curator ad hoc, on the 4th and 14th of June, after the return of Jacob Denny, were sufficient and legal. If they were not, then the relator was not only in time to appeal on the 17th of July, but he is still in time, for the right to appeal from an order of seizure and sale is undoubted, and the delay in which the party is to apply for the suspensive appeal counts from the notice given under Art. 735, C. P. See 14 An. 105.

Of course the notice required by this article is a legal notice; and a verbal notice by a friend, or a notice served upon an unauthorized person, is, in the eye of the law, no notice.

Article 737 of the Code of Practice authorizes the Judge, if the mortgagor is absent and not represented in the State, to appoint him an attorney to whom notice of the demand shall be given, and contrarily with whom the seizure and sale shall be prosecuted. An absentee is defined to be a person who has resided in the State, and has departed without leaving any one to represent him. C. C. 3522, No. 3.

From these two articles it is apparent, that in order to entitle the plaintiff to the appointment of a curator ad hoc, two things are necessary, viz., absence of the defendant from the State, and his remaining unrepresented.

A person, therefore, who leaves his domicil for a temporary sojourn in another State, cannot be said to be an absentee, if there are persons at his dwelling on whom service can be made in conformity with article 189 of the Code of Practice, or if he leaves a duly authorized mandatory to represent him, and gives due publicity of the appointment.

The testimony in this case does not show that service could not have

been made under Art. 189 C. P. at the domicil of Denny when the order    <span style="float:right">STATE<br>*v.*<br>JUDGE 2d DIS. C'T.</span>
for the appointment of the curator *ad hoc* was made, and at the time the
two notices were served on the 4th and 14th of June respectively, he was
here.   In the case of *Farrell* v. *Klumpp*, 13 An. 312, we said that "the
plaintiff in execution, who undertakes to appoint a curator *ad hoc* to rep-
resent the defendant, should be ready to prove his absence, or other suffi-
cient cause for the appointment."

That proof has not, as we think, been exhibited in this case, and, as a
consequence, it has not been shown that the notice required by article 735
of the Code of Practice has been given.   Jacob Denny is, therefore, enti-
tled to his appeal.

It is, therefore, ordered, that a writ of *mandamus* issue to the Hon. J.
Bermudez, Judge of the Second District Court of New Orleans, command-
ing him to grant a suspensive appeal to said Jacob Denny from said order
of seizure and sale, in favor of said Sosthène Roman, dated the 24th day
of May, 1861, the said Denny giving bond with F. M. Fisk, or other suffi-
cient surety, in the amount and in the form required by law.

VOORHIES, J., absent.