## No. 978.

STATE OF LOUISIANA EX REL. J. M. CIENTAT vs. THE JUDGE OF THE TWENTY-FOURTH JUDICIAL DISTRICT COURT.

There is no doubt that a District Court, after improvidently granting a Suspensive Appeal, where none should have been granted, may rescind the Order and issue Execution on the judgment appealed from.

From the rescinding action of the Court below, the Execution debtor would be entitled to relief in this Court by Appeal; and upon refusal of such Appeal, he would be entitled to a Mandamus and Prohibition.

His proper remedy, in such cases, is by Injunction.

But he is not entitled, in an original application for relief in this Court, to the Writ of Prohibition to arrest an Execution said to have been illegally issued.

APPLICATION for Writ of Prohibition.

Branch K. Miller for Relator.
John S. Tully and Sambola & Ducros for Defendant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The relator applies for a prohibition to prevent the defendant judge from executing against him a judgment rendered by the court over which the defendant presides.

His grounds of complaint are :

That a judgment having been so rendered against him, he took a suspensive appeal from it, furnishing a proper bond and surety therein, returnable to this Court, in New Orleans, on the first Monday in November next, and that since the appeal was taken and perfected, execution has issued against him for the satisfaction of the judgment complained of, and that, unless a prohibition issue to the District Court to prevent further proceedings, he will sustain irreparable injury.

It appears from the face of the proceedings that the judgment was rendered on the 3d of April, 1880, and that the order for a suspensive appeal was made on the 31st May following, more than ten days, it is claimed by the appellee, a defendant herein, after the adjournment.

The first question which presents itself is one of jurisdiction.

The petition for relief does not affirmatively show that the matter in dispute in the case in which the judgment appealed from was rendered exceeds one thousand dollars, exclusive of interest.

It is true that the District Judge made the order of appeal on a petition wl ich declares that the matter in dispute exceeds the amount required by the Constitution to give this Court jurisdiction ; but that petition does not state that this amount was that claimed in the suit in which the judgment appealed from was rendered.   The relator was condemned as surety on an injunction bond.   It may well be that he considers that it is sufficient to vest this Court with jurisdiction over his cause of complaint that the bond, which may be for less than one thousand dollars, was furnished in a case in which the amount in dispute exceeds one thousand dollars, exclusive of interest.   In this he would be gravely mistaken.   The insufficiency of the averment necessary to show *prima facie* that we have jurisdiction would have justified us in withholding the restraining order asked, though we might have granted a *rule* to show cause, which would have proved a lame relief, under the circumstances, for the question of the immediate issuance of the restraining order is one of vital importance to the relator.

Unwilling, however, to decline the application on that ground, which may be deemed too technical, and assuming that the case in which the judgment complained of was rendered is one in which the matter in dispute exceeds one thousand dollars, the next question presented is, whether we can determine, in the form presented, the character of the appeal granted the relator.

The rule is well established that when an order of appeal, particularly a suspensive appeal, is made, and the required bond has been fur-

nished by the appellant, the lower court ceases to have any further control over the case, the moment that the appeal is perfected, save to test the sufficiency of the bond and of the surety. The case passes from the court of first instance to the appellate court, and the first court must transmit the transcript to the latter court, that the judgment may be reviewed. 10 R. 152, 8 A. 434, 17 A. 186, 21 A. 44, 114, 24 A. 600, 27 A. 684, C. P. 575, 4 L. 205, 7 L. 448, 15 L. 391, 13 L. 574, 1 R. 527.

Whether a court of original jurisdiction, after granting a suspensive appeal, when none should have been allowed, either because the delay within which it should have been asked has elapsed, or because the case is unappealable, can recognize its error, rescind its order, and prevent execution to issue, is a question that should present no difficulty.

It cannot be claimed with any plausibility, that an *ex parte* order of this description, improvidently made, can defeat for any time the right of the judgment creditor to an execution in satisfaction of his liquidated demand. 4 A. 3 ; 5 A. 366, 518 ; 12 A. 175 ; 21 A. 44, 114, 55.

The appellant, in case of error by the lower court, which must *primarily* determine the question, would be entitled to relief in this Court in a proper case and proceeding, when the matter falls within our jurisdiction. 21 A. 114, 44. The case before us is not an appeal, but an original application for relief. The last question presented is whether the relator has placed himself in a condition to claim relief at our hands.

His petition does not set forth with sufficient fullness the circumstances in which he may be placed, and which if expressed might entitle him to protection. The Court cannot supply the deficiency caused by unaverred facts.

He does not aver that the District Judge has rescinded the order made by him for a suspensive appeal and directed execution to issue, which may be the case either because the appeal was asked too late, or because the case is not appealable, or because the bond is not sufficient, or because the surety was not good and solvent as the law requires.

Had the judge so acted and the relator felt aggrieved, his remedy would have been a suspensive appeal from the rescinding order, and in case of a refusal on the part of the judge to grant the same, the relator could have asked us for a *mandamus* coupled with a prohibition, on a proper showing. 21 A. 114, 44 ; Vredenburg vs. Behan et al., 32 A.

In the absence of any averment of the kind, we are left to infer that the execution alleged was issued by the clerk at the instance of the judgment creditor.

In such a case the relator would be entitled to an injunction on proper grounds to arrest the process. His right would be to apply for it to the District Judge, but he does not allege that he has taken any such steps before the lower court, and that any petition of the sort was

declined, and that in consequence he will suffer injury from the execution of the writ charged with having been illegally issued. He asks us to exercise an *original* jurisdiction which we have not, and which pertains exclusively to the lower court, that is, to arrest an execution said to have been illegally issued. His remedy is to apply to that court for an injunction. 21 A. 114, 44 ; 12 A. 175 ; 5 A. 366.

Were the lower court, on a proper application, to refuse such injunction, the relator would not be left remediless, but it cannot be expected that we should intimate the mode of relief.

The views expressed in this opinion will, we trust, harmonize the scattered and apparently contradictory jurisprudence of the State on the questions now decided.

It is ordered that the application for a prohibition be refused at relator's cost.