O'NIELL, J., dissents, and hands down reasons. See 73 South. 852.

\

(73 South. 853)

No. 22279.

KING v. HARDWOOD MFG. CO.

(Jan. 15, 1917.)

*(Syllabus by the Court.)*

APPEAL AND ERROR $\Longleftrightarrow$151(1)—ORDERS APPEALABLE—PARTIES.

An order of seizure and sale under executory process, after the order has been fully executed by the seizure and sale of the property, adjudicates nothing and is not appealable from by a third party.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. $\Longleftrightarrow$151(1).]

Appeal from Sixth Judicial District Court, Parish of Ouachita; Ben C. Dawkins, Judge.

Proceeding by C. P. King, trustee, against the Hardwood Manufacturing Company. From an order of seizure and sale under executory process after the order had been fully executed, Charles E. Easterling, signing himself as trustee of the defendant Company, appeals devolutively. Appeal dismissed.

Hudson, Potts, Bernstein & Sholars and Stubbs, Theus & Grisham, all of Monroe, for appellant. Barthell & Fitts, of Chicago, Ill., R. O. Randle, of Monroe, and White, Holloman & White, of Alexandria, for appellee.

SOMMERVILLE, J. On motion to dismiss appeal. This is an executory proceeding which had been fully executed, and wherein a third person, signing himself as trustee of the defendant, appeals devolutively from the order. Plaintiff has filed a motion to dismiss the appeal on several grounds, among them that there is no evidence that Charles W. Easterling, the trustee in bankruptcy of the defendant company, has been authorized by the bankruptcy court to proceed in this matter; that appellant has no interest personally or as trustee in the cause; that he has not been aggrieved by the executory proceeding, or that he has any interest in the appeal, "because it is on the face of the record herein that at the time of the sale under executory process there were at least two mortgages operating on the property, which must, under the law, be satisfied in full before any residue could go into the hands of any receiver or trustee in bankruptcy;" that the right of appeal granted to third persons aggrieved, not parties to a suit, under article 571, C. P., does not extend to appeals from orders of executory process; and there is no

proper appeal bond given by Easterling, as said bond is not accompanied by the oaths of the sureties and the parties furnishing the bond, as is required by Act 112, 1916, p. 241.

In the case of Citizens' Bank of Columbia v. Bellamy Lumber Company, recently decided, 140 La. 497, 73 South. 308, in considering a motion to dismiss the appeal taken in that case on the ground that a third party, appellant, was not aggrieved by the order issued in the proceedings, the court said in part:

"The only question presented for decision by an appeal from an order of seizure and sale in executory proceedings is whether there was sufficient authentic evidence before the district court to authorize the issuance of the order of seizure and sale. The situation is the same as in an appeal from a judgment rendered in an ordinary proceeding, in which the only question presented is whether the evidence adduced authorized the judgment rendered on the law applicable to the case. The validity of a sale made by the sheriff by virtue of a writ of fieri facias, in satisfaction of a judgment, or by virtue of a writ of seizure and sale in executory proceedings, of a court having jurisdiction, cannot be affected by a reversal of the judgment or order on a devolutive appeal. * * * It is plain, therefore, that the appellant cannot, by this appeal, annul or set aside the sale of the property sold by the sheriff under the order of seizure and sale appealed from. * * * When an appeal is taken by one who was not a party to the proceedings in which the judgment or order appealed from was rendered, he must allege and show how he is aggrieved by the judgment or order appealed from. * * * The doctrine of the cases cited is that the mere allegation of an appellant, who was not a party to the suit in which the judgment appealed from was rendered, that he is aggrieved by the judgment, is not enough to give him the right to appeal; that it is incumbent upon such third party to disclose in his petition for the appeal that he was in fact aggrieved by the judgment. * * * A third person, not a party to the suit, might appeal, from the judgment rendered, provided he prove, or it appeared from the record, that he had a pecuniary interest in the suit, and that he was aggrieved by the judgment. * * * The petition for the appeal in this case not only fails to show that the appellant has an interest in prosecuting the appeal, but shows affirmatively that the appellant has nothing to gain by the appeal."

And in the present case the petition of the trustee of the defendant fails to show that he, as trustee or personally, has an interest in prosecuting the appeal. On the contrary, the record shows affirmatively that the appellant has nothing to gain by the appeal. The property was sold under a second mortgage to the plaintiff, the holder of the mortgage, and, after holding in his hands the necessary amount to meet the first mortgage, his writ remained partly unsatisfied. As there was no balance, appellant has no pecuniary interest in the suit, and he is not aggrieved by the judgment appealed from.

It becomes unnecessary to notice the other grounds mentioned in the motion to dismiss the appeal.

Appeal dismissed.