(98 South. 160)

No. 24201.

## OUACHITA NAT. BANK v. SHELL BEACH CONST. CO.

(Nov. 3, 1920. On the Merits, Oct. 22, 1923. Rehearing Denied Nov. 26, 1923.)

*(Syllabus by Editorial Staff.)*

On the Merits.

1. **Appeal and error** ⊕═19—**No appeal from order of seizure and sale in executory proceedings after foreclosure and sale.**

There is no right of appeal from an order of seizure and sale in executory proceedings after the mortgage has been foreclosed, the property sold, and the writ has become functus officio, since, when a judgment or order of seizure and sale has been executed, a reversal on devolutive appeal will not authorize the undoing of what has been done in the execution of the judgment or order appealed from.

2. **Appeal and error** ⊕═863—**On appeal from order of seizure and sale in executory proceedings, sole question is whether evidence authorized the fiat.**

The only question that is brought up by an appeal from an order of seizure and sale in executory proceedings is whether the authentic evidence that was submitted to the judge was sufficient to authorize the fiat.

3. **Appeal and error** ⊕═840(2)—**Question of jurisdiction cannot be urged on devolutive appeal from order of seizure and sale after execution of writ.**

The question of jurisdiction is not an issue that can be urged in the Supreme Court on a devolutive appeal taken from an order of seizure and sale in executory proceedings after the writ has been executed.

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; W. W. Bailey, Judge.

Action by the Ouachita National Bank against the Shell Beach Construction Company. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

Thomas E. Furlow, of New Orleans, for appellant.

Broussard & Samson, of Abbeville, for appellee.

On Motion to Dismiss Appeal.

SOMMERVILLE, J. The plaintiff and appellee moves to dismiss the devolutive appeal taken by defendant in this cause, which is an executory proceeding, on the ground that the defendant is without interest.

The plaintiff set forth that it proceeded against the defendant and the property formerly owned by it under executory process, as it had a right to do, although defendant had long since parted with title and possession of the property, and that, after executory process had issued, the defendant sued out an injunction to prevent further proceedings, which injunction was dissolved at defendant's cost; that no appeal was taken from that judgment, and the property has been sold in the proceeding.

The defendant evidently had sufficient interest in the suit for plaintiff to have made it a defendant in the cause, and the court cannot say at this time that it is not interested in appealing from the order directing that its property be sold.

The Constitution gives to all persons against whom judgments are rendered the right of appeal; and this court cannot take it from them.

Defendant is not alleged to have acquiesced in the judgment appealed from.

The motion to dismiss the appeal is denied.

PROVOSTY and O'NIELL, JJ., dissent, and O'NIELL, J., will hand down reasons.

O'NIELL, J. (dissenting). My opinion is that we should either dismiss this appeal or remand the case to the district court to allow appellant a hearing upon the facts shown by the record annexed to appellee's motion to dismiss the appeal.

The mortgage notes on which the executory proceedings issued represent a part of the price for which appellant bought the mortgaged property on the 28th of June, 1912. Thereafter appellant sold the property to one Nelson A. Baker, who, in turn, sold it to a corporation styled Illinois-Indiana Land Company. The only obligation incurred by Baker or the land company in favor of appellant was an assumpsit of payment of the notes on which this executory process issued. There was no new debt incurred nor mortgage given in favor of appellant.

The executory proceedings were instituted only against the Shell Beach Construction Company, because of the pact de non alienando in the original act of sale and mortgage. Before appealing from the order of seizure and sale the defendant sued for and obtained a writ of injunction and prevented the sale on the allegation that the plaintiff, Ouachita National Bank, was not the owner of the mortgage notes. After trial judgment was rendered in favor of the bank dissolving the injunction and condemning the Shell Beach Construction Company to pay $1,000 damages. The company did not appeal from the judgment, but paid the damages. The property seized was then readvertised and sold in the foreclosure proceedings. Thereafter the Shell Beach Construction Company obtained this devolutive appeal from the order of seizure and sale.

The appeal will present only the question whether the authentic evidence on which the fiat issued was a sufficient warrant. If we should set aside the fiat for insufficiency of the evidence on which it issued, our decree would not undo what has been done in execution of the writ of seizure and sale. A sale made in execution of a judgment is not rendered invalid by a reversal of the judgment on a devolutive appeal for insufficient evidence. An order of seizure and sale, in executory proceedings, does not condemn the defendant to pay or do anything. It merely orders that the mortgaged property be sold. When the writ has been executed there is nothing to be accomplished by a devolutive appeal. If the executory proceedings were null for want of notice or for other such reason, the remedy would be a direct action to set aside the sale. That cannot be accomplished by a devolutive appeal from the order of seizure and sale; and that is all that the Shell Beach Construction Company can have an interest in accomplishing.

In this particular case, however, appellant would have no interest in setting aside the sale if, as the documents annexed to appellee's motion show, appellant disposed of the property before it was seized.

For these reasons I respectfully dissent from the decree overruling the motion to dismiss the appeal.

On the Merits.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. [1] This case falls within the rule that there is no right of appeal from an order of seizure and sale in executory proceedings after the mortgage has been foreclosed, the property sold, and the writ has therefore become functus officio. Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 South. 308; King v. Hardwood Manufacturing Co., 140 La. 753, 73 South. 853.

The reason for the rule is that, when a judgment or an order of seizure and sale has been executed, a reversal of the judgment or order on a devolutive appeal would not authorize the undoing of what has been

done in execution of the judgment or order appealed from. Baillio v. Wilson, 5 Mart. (N. S.) 214; Poultney's Heirs v. Cecil's Executors, 8 La. 424; Brosnaham v. Turner, 16 La. 440; Williams v. Gallien, 1 Rob. 94; Farrar v. Stacy, 2 La. Ann. 210; Adle v. Anty, 5 La. Ann. 633; Yale v. Howard, 24 La. Ann. 459; Taylor v. Lauer, 26 La. Ann. 307; Factors' & Traders' Insurance Co. v. New Harbor Protection Co., 37 La. Ann. 234; Pasley v. McConnell, 38 La. Ann. 470; State National Bank v. Lanaux, 46 La. Ann. 469, 15 South. 59; Louisiana Land & Immigration Co. v. Murff, 139 La. 808, 72 South. 284; Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 South. 308; King v. Hardwood Mfg. Co., 140 La. 753, 73 South. 853; Jefferson v. Gamm, 150 La. 372, 90 South. 682.

[2] The only question that is brought up by an appeal from an order of seizure and sale, in executory proceedings, is whether the authentic evidence that was submitted to the judge was sufficient to authorize the fiat. Any other defense that the defendant in the executory process may have dehors the record must be urged by way of injunction, or by an action of nullity. Not only in that respect is an appeal from an order of seizure and sale in executory proceedings like an appeal from a final judgment in ordinary proceedings, but also in this respect, that, in order to stay execution, the appeal from an order of seizure and sale must be perfected by the filing of a bond for one-half more than the amount of the debt within 10 days from the service of the notice to pay, which, in that respect, is like a notice of judgment in ordinary proceedings. Code of Practice, arts. 575, 735; Tilghman v. Dias, 12 Mart. (O. S.) 591; Gurlie et al. v. Coquet, 3 Mart. (N. S.) 499; Mathe v. McCrystal, 11 La. Ann. 4; Lombas v. Robichaux, Sheriff et al., 14 La. Ann. 105; State v. Judge, 16 La. Ann. 392; Borah & Landen v. O'Niell, 121 La. 733, 46 South. 788.

In this case, however, there is another reason why appellant has nothing to gain by this so-called devolutive appeal. The mortgage notes, for which the land was seized and sold, were secured by a vendor's lien and privilege resulting from a sale of the land by one William B. Clarke to appellant, of date the 28th of June, 1912. Thereafter, but before the foreclosure proceedings were instituted, appellant sold the land to one Nelson A. Baker, and he sold it to a corporation styled Illinois-Indiana Land Company. Each purchaser assumed payment of the mortgage notes which appellant had given for the land, but did not incur any new or additional obligation. The Ouachita National Bank, having acquired the mortgage notes, foreclosed against the Shell Beach Construction Company, instead of the Illinois-Indiana Land Company, as the bank had the right to do, under the pact de non alienando in the original act of sale and mortgage.

While the land was under seizure in the foreclosure proceedings, appellant sued for and obtained a writ of injunction and stopped the sale on the allegation that the Ouachita National Bank did not own the notes sued on. On trial of the injunction suit there was judgment in favor of the bank dissolving the injunction and condemning appellant, Shell Beach Construction Company, to pay the bank $1,000 damages. Appellant did not appeal from that judgment, but paid the damages. The land was then readvertised for sale and was sold by the sheriff of Vermilion parish in the foreclosure proceedings, in which this so-called devolutive appeal was afterwards taken by the Shell Beach Construction Company.

[3] It appears that the land is situated mainly in Vermilion parish, but partly in Iberia parish. Appellant contends that the

district court of Vermilion parish had not jurisdiction over that part of the land that is in Iberia parish. That might be cause for an action of nullity if it has not been disposed of by appellant's having gone into the district court of Vermilion parish with the injunction suit. But the question of jurisdiction is not an issue that can be urged here on a so-called devolutive appeal taken after the writ has been executed.

The only other defense urged by appellant is the contention that there was no authentic evidence of the authority of the president of the Shell Beach Construction Company to buy the land, and to sign the act of sale and mortgage and the promissory notes. If we should now set aside the order of seizure and sale for that cause, it would not annul the sale that has been made in virtue of the order, even if appellant had not had its day in court, in the injunction suit.

The facts which we have stated with regard to the injunction suit and the sale of the land by appellant, etc., are shown by certified records annexed to a motion to dismiss this appeal. If the facts were not admitted, we would have to remand the case for the introduction of the records, because evidence cannot be introduced originally in an appellate court. But, as the facts are not disputed, appellant does not demand the idle ceremony of remanding the case for a formal introduction of the records that are before us.

In passing upon the motion to dismiss the appeal, some time ago, a majority of the members of the court were of the opinion that the court could not say, at that time, that appellant was "not interested in appealing from the order directing that its property be sold." We find now, since the appeal has been submitted on its merits, that the only appropriate decree that can be rendered is a dismissal of the appeal.

The appeal is dismissed at appellant's cost.