(101 South. 255)

No. 26657.

## GOUAUX v. LOCKPORT CENTRAL SUGAR REFINING CO., Limited.

### In re PAGLIUGHI.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ⊗⇒437 — Decree of appellate court on devolutive appeal held not to annul sale pending appeal of mortgaged property involved.

   Decree of appellate court on devolutive appeal from order of seizure and sale in foreclosure of mortgage by executory proceedings does not have effect of annulling a sale of mortgaged property made pending appeal.

2. Appeal and error ⊗⇒151(1)—Devolutive appeal from order of sale and seizure dismissed.

   As property subject to order of seizure and sale granted in foreclosure of mortgage by executory proceedings may be sold pending a devolutive appeal by a third party, such appeal is of no avail, and will be dismissed.

Appeal from Twentieth Judicial District Court, Parish of Lafourche; Robert B. Butler, Judge.

Suit by Dr. Frank T. Gouaux against the Lockport Central Sugar Refining Co., Limited. From decree rendered, Charles A. Pagliughi appeals. On motion to dismiss appeal. Appeal dismissed.

Harris Gagne, of Houma, and Harvey Peltier, of Thibodaux, for appellant.

Howell, Wortham & Bourg, of Thibodaux, for appellee.

By the WHOLE COURT.

O'NIELL, C. J. This is an appeal from an order of seizure and sale granted in foreclosure of a mortgage by executory proceedings. The appeal was taken by a third party, alleging merely that he was a stockholder and mortgage creditor of the defendant corporation, was aggrieved by the order of seizure and sale, and therefore had an interest in appealing from it. He did not even allege that he had a mortgage on the property that was ordered seized. He asked for and was granted only a devolutive appeal, which, of course, did not stay execution of the writ of seizure and sale. It is said in the brief for the appellee, Gouaux, that the writ had been executed and the mortgaged property sold by the sheriff when the appeal was taken. The record does not show that the sheriff had already sold the property when the appeal was taken; but it may well be inferred now that the sheriff has sold the property in execution of the writ of seizure and sale. The inference in that respect, however, is a matter of no importance.

[1, 2] A devolutive appeal cannot avail either the defendant or an outsider in defense of an order of seizure and sale in executory proceedings. The reason is that the decree of the appellate court could not have the effect of annulling a sale of the mortgaged property pending the appeal. Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 South. 308; King v. Hardwood Manufacturing Co., 140 La. 753, 73 South. 853; Ouachita National Bank v. Shell Beach Construction Co., 154 La. 709, 98 South. 160.

Inasmuch as the appeal in this case cannot be of any avail to the appellant, he is without interest in the matter, and therefore has no right to prosecute the appeal.

The appeal is dismissed at appellant's cost.

ST. PAUL, J., concurs in the decree.