No. 3154
Second Circuit

---

STATE, EX. REL JOHNSON, v. ROBERTS, AS JUDGE, ETC.

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Injunction—Par. 101.**
Under Section 5 of Act No. 29 of 1924 the court can grant a suspensive appeal from a decree dissolving the preliminary injunction only after hearing on a motion for such an appeal.

2. **Louisiana Digest—Appeal—Par. 280.**
Where the district judge erroneously grants a suspensive appeal where none should have been granted, he may rescind the order.

Action by State ex rel. G. C. Johnson against Robert Roberts, Judge.

On application for writs of certiorari and prohibition.

Judgment sustaining lower court's judgment on right to appeal.

John B. Files, Bryan E. Bush, of Shreveport, attorneys for relator.

Harry V. Booth, Hoye Grafton, of Shreveport, attorneys for respondent.

WEBB, J. Relator seeks to obtain a writ of prohibition restraining the judge of the First Judicial District Court of Louisiana in and for Caddo parish from rescinding an order granted by him for a suspensive appeal in the case of G. C. Johnston versus H. A. Holmes as Marshal, etc., No. 45,926 on the docket of that court.

Relator applied to the First District Court for an injunction to prevent the sale of his property which had been seized by the marshal under a writ of fi. fa. issued out of the City Court of the Tenth Ward of Caddo parish in suit No. 1394 entitled Britt Bros. vs. G. C. Johnson.

In due course relator obtained a preliminary injunction, and a rule was taken on the defendant to show cause why the injunction should not be made permanent.

On trial of the rule a plea to the jurisdiction and a motion to dissolve the injunction were filed; and, the plea being sustained, the preliminary injunction was dissolved and the suit dismissed.

From this decree the plaintiff, relator here, applied for and obtained an order of appeal, suspensive and devolutive, and filed a bond in accordance with the order.

After the bond had been filed the defendant moved to have the order granting a suspensive appeal rescinded, and the relator here excepted to the jurisdiction of the court to rescind the order, and on the exception being overruled and the motion sustained relator applied to this court for a writ of certiorari and prays that on hearing a writ of prohibition issue.

Section 5 of Act No. 29 of 1924 reads, in part, as follows:

"No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order; but where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree; provided, however, that after reasonable notice given to plaintiff's attorney of record of the time and place at which, and the court to which application will be made, the court may, in its discretion, allow to any party enjoined a suspensive appeal from any order granting a preliminary injunction, and may, in its discretion, also stay further proceedings in the cause until the appeal has been decided, upon the party appealing giving bond with surety or sureties, in such sum as the court may fix, as sufficient for the protection of the opposite party, or other party in interest in his damages and costs, and conditioned for the payment of all damages and costs sustained by such opposite party, or other party in interest by reason of the suspension of such order by such appeal; or if in such case a suspensive appeal be refused by the lower court, the appellate court having jurisdiction, or any judge thereof, may, in like circumstances and under like conditions, allow the same in aid of its appellate jurisdiction. * * *"

From which it appears to be clear that the court could grant a suspensive appeal from the decree dissolving or recalling the preliminary injunction only after hearing had on a motion for such an appeal; and as we understand there was not any such motion or hearing had on the question of the right to take a suspensive appeal.

And we are of the opinion that the appeal was improperly granted and properly rescinded by the court on its attention being directed thereto.

"There is no doubt that a District Court, after improvidently granting a suspensive appeal, where none should have been granted, may rescind the order."

State ex rel. Cientat vs. Judge, etc., 32 La. Ann. 814.

It is therefore ordered that the writ of certiorari issued herein be recalled and the application for a writ of prohibition be denied at relator's cost.