(118 So. 893)

No. 29330.

**BANK OF LA FOURCHE v. BARRIOS et al.**

Oct. 29, 1928.   Rehearing Denied Nov. 26, 1928.

Sidney F. Gautier, of New Orleans, for appellant.

Francis L. Knobloch, of Thibodaux, for appellee.

LAND, J.   James Beary sold to the defendant, Ulysses J. Barrios during his marriage to Corinne Le Blanc, the northwestern half of lots one (1) and two (2) of square twenty-six (26) of the village of Lockport in the parish of La Fourche.

The vendee paid in cash part of the purchase price, and executed his note to any future holder for the balance, secured by vendor's lien and special mortgage on the property sold.

The act of sale and mortgage imports confession of judgment.   The note is dated Thibodaux, La., April 15, 1916, is made by Barrios to his order, and indorsed by him in blank, and is payable one year after date.

On March 28, 1928, after the death of Barrios, the maker of the note, the Bank of La Fourche, plaintiff, instituted in the lower court foreclosure proceedings, as the holder of the note in due course.

After being served with notice and demand of payment, the surviving widow in community of Barrios applied for an injunction without bond to prohibit plaintiff bank from proceeding further with the seizure and sale of the property, on the ground that the note had been prescribed.  · C. P. arts. 739 (8), 740.

On the trial of the application for preliminary injunction evidence was tendered by plaintiff bank to show an interruption of prescription.

The trial judge held that the plea of prescription had not been satisfactorily established, recalled and dismissed the temporary restraining order granted by him and refused the preliminary injunction.  ،

From this judgment, defendant, the widow in community, has prosecuted a devolutive appeal to this court upon furnishing bond in the sum of $50, and claims here that, as the note held by plaintiff bank is prescribed, she is entitled to be recognized as the owner of an undivided half interest in the property and to the usufruct of the other half.

Plaintiff bank alleges that the property mortgaged was adjudicated to it June 23, 1928, at public auction, under an order of seizure and sale obtained in the foreclosure proceedings, and has moved to dismiss the appeal on the ground that this case falls within the familiar rule that there is no right of appeal from an order of seizure and sale in

executory proceedings, after the mortgage has been foreclosed, the property sold, and the writ has become functus officio.

The judgment was rendered in this case April 18, 1928, and the devolutive appeal bond was filed in the lower court April 28, 1928. The appeal was lodged here May 18, 1928. Under a writ of seizure and sale directed and delivered to him, the sheriff of the parish of La Fourche seized the mortgaged property on May 5, 1928, and adjudicated same to plaintiff bank on June 23, 1928, during the pendency of the appeal in the Supreme Court.

It is clear that the devolutive appeal taken herein by defendant did not suspend the execution of the writ of seizure and sale, under which the property mortgaged was seized on May 5, 1928, and adjudicated to plaintiff bank on June 23, 1928.

It is well settled that:

"The validity of a sale made by the sheriff by virtue of a writ of * * * seizure and sale in executory proceedings, of a court having jurisdiction, cannot be affected by a reversal of the judgment or order on a devolutive appeal. On the contrary, the taking of a devolutive appeal implies the right to have the * * * order appealed from executed." Citizens' Bank v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; Ouachita National Bank v. Shell Beach Construction Co., 154 La. 709, 98 So. 160; King v. Hardwood Mfg. Co., 140 La. 753, 73 So. 853.

As said in the case of Gouaux v. Lockport Central Sugar Refining Co., 156 La. 889, 101 So. 255:

"Inasmuch as the appeal in this case cannot be of any avail to the appellant, he is without interest in the matter, and therefore has no right to prosecute the appeal."

Since any decree this court could render would not have the effect of annulling the sale of the mortgaged property after its adjudication to plaintiff bank, the issues here tendered by defendant present merely moot questions, which we decline to decide.

Appeal dismissed.