No. 3798

Second Circuit

HICKS v. LOWERY

(June 2, 1930. Opinion and Decree.)

Edward Everett, Jr., and J. R. Dawkins, of Farmerville, attorneys for plaintiff, appellee.

J. W. Elder, of Ruston, attorney for defendant, appellant.

ON MOTION TO DISMISS APPEAL

ODOM, J. Defendant appealed devolutively from an order of seizure and sale under executory process. Appellee has moved to dismiss the appeal on the ground that the writ has been executed and the mortgaged property sold.

In the case of Trimble vs. Chavis, 11 La. App. 208, 123 So. 513, 514, we said:

"Inasmuch as the mortgage has already been foreclosed, the writ executed, and the property sold, this devolutive appeal can avail appellant nothing. She is without interest to prosecute it further. If this court should reverse the judgment appealed from, it would not have the effect of undoing that which has been done—that is, of annulling the sale of the mortgaged property already made. Ouachita Nat. Bank v. Shell Beach Construction Co., 154 La. 709, 98 So. 160; Gouaux v. Lockport Central Sugar Ref. Co., Ltd., 156 La. 889, 101 So. 255; Jones et ux v. Bouanchaud, Sheriff, et al., 158 La. 27, 103 So. 393.

"There are only two methods by which a defendant in executory proceedings can stay the execution of a writ; one is to appeal suspensively and give bond, and the other is to enjoin the sale, setting up the grounds for relief. Defendant did not take a suspensive appeal, but asked for and was granted a devolutive appeal. * * *"

It is therefore ordered that the appeal be dismissed, at appellant's cost.