(131 So. 289)

**TURNER v. FRENCH.**
No. 30851.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

Joseph B. Crow, of Shreveport, for appellant.

Watkins & Watkins, of Minden, for appellee.

On Motion to Dismiss.

ST. PAUL, J.

Plaintiff sued out executory process against the defendant. The order of seizure and sale issued on June 13, 1930. It was notified to the defendant on June 18, 1930. On June 30, 1930, defendant obtained an order for a suspensive appeal, but did not furnish the requisite bond until July 8, 1930, or more than ten days after receipt of notice of the order of seizure and sale.

The appeal was perfected too late. The delays for a suspensive appeal from an order of seizure and sale run from the notification thereof to the defendant. Lombas v. Robichaux, 14 La. Ann. 105; State v. Judge, 16 La. Ann. 390.

The contention that the delays for appeal run only from the time the formal writ of seizure and sale is made out by the clerk and delivered to the sheriff is untenable. That is done only after the notice of demand for payment has been served. And the only notice which the defendant is entitled to is this demand for payment. Code Prac. Art. 736.

As a suspensive appeal, this appeal comes too late; and no devolutive appeal lies from an executory process. Ouachita Nat. Bank v. Shell Beach Const. Co., 154 La. 710, 98 So. 160.

Decree.

The appeal herein taken is therefore dismissed.

O'NIELL, C. J., and OVERTON, J., concur in the decree.