## STATE ex rel. ARMSTRONG v. CAGE, Judge.

### No. 14760.

Court of Appeal of Louisiana. Orleans.

Dec. 11, 1933.

Nathan H. Feitel, of New Orleans, for relator.

Hugh C. Cage, of New Orleans, in pro per.

## JANVIER, Judge.

This matter comes before us on application for writs of certiorari and prohibition, by which latter writ relator seeks to prevent the sale by executory process of certain buildings, movable property contained in the buildings, and wharves and platforms connecting the buildings, all of which property relator claims to be owned by him.

In the main proceeding out of which this application arises the succession of Leon Loverde obtained a writ of seizure and sale and under it the sheriff seized certain property described in the act of mortgage, which, together with the mortgage note, formed the basis of the order for executory process. The present relator, Armstrong, intervened in that proceeding and, claiming to be the owner of the property seized, sought to enjoin the sale of the property, charging that the writ of seizure and sale had, for many reasons, been illegally issued. His application for injunction was denied in the district court.

Shortly thereafter he filed a petition in which he prayed for an appeal, both devolutive and suspensive, and in that petition he stated that the appeal was desired "from said writ of seizure and sale." The order of appeal as prayed for was granted on June 14, 1933, and on the next day the district judge who had granted the order rescinded it, stating that it had been granted improvidently and illegally. Thereupon relator applied to this court for relief and we, feeling that, possibly, in refusing an appeal to this court, the district judge had erred, issued the preliminary order· as a result of which the matter is now before us.

It now 'very clearly appears from the record which has been sent to us in connection with the return of the district judge that the relator, Armstrong, did not attempt to appeal from the judgment rendered on June 13, 1933, on his intervention, in which he sought an injunction to prevent the sale of the property, but that his petition, as we have stated, prayed for an appeal from the order granting the writ of seizure and sale. That order was issued on April 12, 1933, so that, according to relator's petition for appeal, he, on June 14, 1933, prayed for an appeal, devolutive and suspensive, from an order or judgment rendered on April 12, 1933, which was almost two months before the filing of the petition for appeal.

Manifestly, no suspensive appeal could be granted on that late date and the district judge, as soon as his attention was called to the matter on the day after the said order of appeal was signed, rescinded the order as having been improvidently issued.

◼ The relator declares that we should construe his petition of June 14th as requesting an appeal not from the order of seizure and sale, but from the judgment refusing the injunction, and his counsel argues that, since he was not a party to the foreclosure proceedings when the order for seizure and sale was granted, he could not appeal therefrom.

While he was not a party to the proceedings at that time, he made himself a party thereto shortly thereafter and later, in unambiguous language, sought an appeal from the order of seizure and sale, and his petition, being plain and unequivocal, needs no interpretation. We cannot say that it was his purpose to appeal from the judgment refusing him an injunction, since his petition not only does not so state, but, on the contrary, sets forth that it is an appeal from the entirely different order which he desires.

It is well known that there may be a suspensive appeal from an order of seizure and sale and that such order may, on appeal, be set aside wherever, on the face of the papers on which the said order was granted, it appears that there was not before the judge who granted the order sufficient evidence to form the basis for the order or judgment of seizure and sale. In Franek v. Brewster, 141 La. 1031, 76 So. 187, 192, the court pointed out the distinction between the purposes to be served by a suspensive appeal from an order of seizure and sale and that to be served by an injunction to halt the executory proceedings:

"The only process afforded a defendant for arresting executory proceedings, on the complaint that there was not sufficient authentic evidence before the judge to authorize the issuance of his fiat, is by an appeal from the order of seizure and sale. And the only remedy for arresting executory proceedings, on grounds not disclosed by the proceedings, is by injunction."

Since there could have been a suspensive appeal from the order of seizure and sale and since relator prayed for such appeal, we cannot assume that he intended to appeal from the order or judgment refusing the injunction.

◼ But the order from which he stated he desired to appeal was rendered more than 60 days prior to the petition for appeal and it is manifest that no suspensive appeal therefrom could at that time have been properly granted. The district judge was bound, therefore, to revoke the order which, on the previous day, he had improvidently issued. In State ex rel. Cientat v. Judge, 32 La. Ann. 814, the court said:

"Whether a court of original jurisdiction, after granting a suspensive appeal, when

none should have been allowed, either because the delay within which it should have been asked has elapsed, or because the case is unappealable, can recognize its error, rescind its order, and prevent execution to issue, is a question that should present no difficulty.

"It cannot be claimed with any plausibility, that an ex parte order of this description, improvidently made, can defeat for any time the right of the judgment creditor to an execution in satisfaction of his liquidated demand. Byrne v. Riddell, 4 La. Ann. 3; Dwight v. Richard, 5 La. Ann. 366; State v. Judge of Second District Court, 5 La. Ann. 518; Montan v. Whitley, 12 La. Ann. 175; State ex rel. Gausson v. Judge of Second Dist. Court, 21 La. Ann. 44; State ex rel. Johnson v. Judge of Fifth Dist. Court, 21 La. Ann. 114."

In State ex rel. Johnson v. Roberts, Judge, 7 La. App. 124, is found the following:

"* * * It appears to be clear that the court could grant a suspensive appeal from the decree dissolving or recalling the preliminary injunction only after hearing had on a motion for such an appeal; and as we understand there was not any such motion or hearing had on the question of the right to take a suspensive appeal.

"And we are of the opinion that the appeal was improperly granted and properly rescinded by the court on its attention being directed thereto.

"'There is no doubt that a District Court, after improvidently granting a suspensive appeal, where none should have been granted, may rescind the order.'

"State ex rel. Cientat v. Judge, etc., 32 La. Ann. 814.

"It is therefore ordered that the writ of certiorari issued herein be recalled and the application for a writ of prohibition be denied at relator's cost."

The civil sheriff proceeded to sell the property in accordance with the order of seizure and sale. It follows that the devolutive appeal from that order can serve no purpose. After a sale has been made, the question of whether the authentic evidence was sufficient to authorize the order for the sale becomes a moot one. In a syllabus in Ouachita Nat. Bank v. Shell Beach Const. Co., 154 La. 709, 98 So. 160, appears the following:

"There is no right of appeal from an order of seizure and sale in executory proceedings after the mortgage has been foreclosed, the property sold, and the writ has become functus officio, since, when a judgment or order of seizure and sale has been executed, a reversal on devolutive appeal will not authorize the undoing of what has been done in the execution of the judgment or order appealed from."

In the body of the opinion the court said:

"This case falls within the rule that there is no right of appeal from an order of seizure and sale in executory proceedings after the mortgage has been foreclosed, the property sold, and the writ has therefore become functus officio. Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; King v. Hardwood Manufacturing Co., 140 La. 753, 73 So. 853.

"The reason for the rule is that, when a judgment or an order of seizure and sale has been executed, a reversal of the judgment or order on a devolutive appeal would not authorize the undoing of what has been done in execution of the judgment or order appealed from. Baillio v. Wilson, 5 Mart. (N. S.) 214; Poultney's Heirs v. Cecil's Executor, 8 La. 424; Brosnaham v. Turner, 16 La. 440; Williams v. Gallien, 1 Rob. 94; Farrar v. Stacy, 2 La. Ann. 210; Adle v. Anty, 5 La. Ann. 633; Yale v. Howard, 24 La. Ann. 459; Taylor v. Lauer, 26 La. Ann. 307; Factors' & Traders' Insurance Co. v. New Harbor Protection Co., 37 La. Ann. 234; Pasley v. McConnell, 38 La. Ann. 470; State National Bank v. Lanaux, 46 La. Ann. 469, 15 So. 59; Louisiana Land & Immigration Co. v. Murff, 139 La. 808, 72 So. 284; Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; King v. Hardwood Mfg. Co., 140 La. 753, 73 So. 853; Jefferson v. Gamm, 150 La. 372, 90 So. 682."

Since the decision in the Ouachita National Bank Case, the matter has many times been passed upon by the courts of this state and in each instance it has been held that no devolutive appeal lies from an order of seizure and sale and that this is true whether the appeal is desired by the defendant in the foreclosure proceedings, or by some one else claiming to be interested therein. In Gouaux v. Lockport Central Sugar Ref. Co., 156 La. 889, 101 So. 255, the court said:

"A devolutive appeal cannot avail either the defendant or an outsider in defense of an order of seizure and sale in executory proceedings. The reason is that the decree of the appellate court could not have the effect of annulling a sale of the mortgaged property pending the appeal. * * *

"Inasmuch as the appeal in this case cannot be of any avail to the appellant, he is without interest in the matter, and therefore has no right to prosecute the appeal."

In Turner v. French, 171 La. 431, 131 So. 289, the Supreme Court found before it a matter which presented the identical questions now before us. There an appeal both devolutive and suspensive had been granted. The suspensive appeal was granted too late and the devolutive appeal had been improvidently issued in the district court. The Supreme Court said:

"As a suspensive appeal, this appeal comes

too late; and no devolutive appeal lies from an executory process."

See, also, Jones et ux. v. Bouanchaud, Sheriff, et al., 158 La. 27, 103 So. 393; Trimble v. Chavis, 11 La. App. 208, 123 So. 513, 514; Bank of LaFourche v. Barrios et al., 167 La. 215, 118 So. 893.

In Trimble v. Chavis, supra, the court used language which is interesting in that it defines the different purposes which may be served in executory process by suspensive appeal from the order of seizure and sale on the one hand, and by injunction on the other. The court said:

"There are only two methods by which a defendant in executory proceedings can stay the execution of a writ; one is to appeal suspensively and give bond, and the other is to enjoin the sale, setting up the grounds for relief. Defendant did not take a suspensive appeal, but asked for and was granted a devolutive appeal."

The right to a devolutive appeal from the order of seizure and sale unquestionably terminated with the sale. The right to a suspensive appeal was lost when the time for taking that appeal was allowed to expire.

The district judge was correct in rescinding the order which he had improvidently granted.

For the reasons stated, the alternative writs of prohibition and certiorari heretofore issued herein are now recalled and vacated and the petition of the relator is dismissed, at his cost.

Alternative writs recalled; petition of relator dismissed.