This is a rule for possession. It orignated in the First City Court of New Orleans. Judgment was rendered making the rule absolute and ordering defendant (the tenant) to vacate the premises. Within the time provided by law he sought and obtained an order for suspensive appeal and also within the necessary time limit filed the proper bond. Shortly thereafter plaintiffs and appellees filed, in the First City Court, a rule directed to defendant and ordering him to show cause why the order of appeal should not be rescinded as having been improvidently granted. The relator (defendant) then applied to this Court for writs of prohibition seeking to prevent the Judge of the First City Court from proceeding with the trial of the rule to show cause why the order of appeal should not be rescinded. Though the case is one which would be tried de novo in this Court on appeal, the question presented has been considered by the Court en banc. We issued the necessary order to show cause and the Judge a quo has now filed his return.
The return 6f the Judge reads as follows: "Now into this Honorable Court comes W. Alexander Bahns, Judge of the First City Court for the City of New Orleans, Sec. 'A', who says that inasmuch as defendant in this particular suit has stated under oath and in open Court that he has removed from the said premises five months ago, it is, therefore, my opinion that this defendant has no appealable rights, and when I signed the motion of appeal I informed counsel that I did not believe that the defendant had any right to a suspensive appeal and hold this property for the reason that he vacated same five month ago, and he, therefore, is without interest in said appeal; and when said rule was filed in this Court and signed by me ordering defendant to show cause why the appeal herein granted should not be set aside as improvidently granted, he having removed from the property five months ago, and, therefore, is without any interest in the subject."
There is much authority to the effect that where it is contended that an order of appeal has been improvidently granted, the trial court still retains jurisdiction to determine whether such is actually the case. State ex rel. Clentat v. Judge, 32 La. Ann. 814; State ex rel. James Gill v. Tissot, Judge, 34 La. Ann. 90; Charvanel v., Esvard,150 La. 305, 90 So. 658; Boudreaux v. Bennett, 161 La. 217,108 So. 420. We believe, however, that the latest ruling on the subject is to be found in Borgnermouth Realty Co. v. Gulf Soap Corporation, 211 La. 255, 29 So.2d 841, 842. In that case, though an injunction was involved, the Court held that the special provisions governing injunction cases were not applicable, since the case was tried on the merits and a definitive judgment was rendered. The Supreme Court said: "Under the law governing appeals generally, the perfecting of an appeal vests jurisdiction of the case in the appellate court, and the trial court is thereby divested of jurisdiction for all purposes except to test the solvency or *Page 38 
sufficiency of the appeal bond, and to transmit the record to the appellate court. Code of Practico, Art. 575; State v. Cobb, 1913, 134 La. 207, 63 So. 877; New Orleans Silica Drick Co. v. John Thatcher Son, 1922, 152 La. 649, 94 So. 148; Mundy v. Phillips, 1925, 157 La. 445, 102 So. 519. Therefore, when the defendant in this case furnished the appeal bond, on November 29, 1946, the trial court was divested of jurisdiction to rescind the order of appeal, unless it can be said that the issuing of the rule, on November 26, in some way affected the defendant's right to perfect its appeal. We see no reason why that effect should obtain. If the judge had rescinded his order before the appeal bond was furnished, or perhaps if the return day had been fixed within the ten-day period in which the defendant was allowed to perfect his appeal, there might be some reason for saying that the defendant's right to perfect a suspensive appeal was taken away. But that is not the case here. If the defendant had withheld the furnishing of the suspensive appeal bond until the judge acted finally upon the rule to show cause why the order for the suspensive appeal should not be rescinded, the time allowed by law for the furnishing of the suspensive appeal bond would have expired; and it might have been contended then by the plaintiffs, respondents, that the defendant had forfeited its right to a suspensive appeal."
In the case at bar the appeal bond was actually filed and thereby the appeal was perfected before the rule to rescind the order of appeal was filed.
It is suggested that the relator should not proceed by application for prohibition, but should wait until the trial judge has actually acted on the rule to rescind the order of appeal and that, therefore, this action is premature; in other words, that it is possible that the Judge may not rescind the order and that if he does not do so, then appellant will have no complaint. We think that since, under the decision of the Supreme Court in the Borgnernouth Realty Company case, the Judge cannot rescind the order, we would be permitting a vain and useless thing if we allowed him to hear the rule. For, if by chance, he should make the rule absolute and rescind the order, then the appellant would have to come back to this Court for appropriate writs, or would have to apply for a suspensive appeal from the order rescinding the original order of appeal, if he is entitled to a suspensive appeal, and there may be some doubt on this point. See State ex rel. James Gill v. Tissot, Judge, supra, and Reynolds v. Egan, 122 La. 47, 47 So. 371.
It seems clear to us that relator is entitled to the relief he seeks. It is, therefore, ordered that the writ of prohibition heretofore issued is now perpetuated; costs of this proceeding to be paid by respondents-appellees.
Writ perpetuated.