**38 So.2d 160**

**WALTERS v. CHILDERS.**

**No. 38190.**

Dec. 13, 1948.

M. C. Redmond, of Monroe, for plaintiff.

J. B. Thornhill, of Monroe, for defendant-appellee.

McCALEB, Justice.

This is a devolutive appeal from a judgment denying a preliminary injunction to restrain the sale of certain mortgaged property under executory process. The controversy arises out of the following state of facts.

On January 12th 1946, appellee, alleging that he was the holder and owner of a mortgage note executed by J. H. Childers and Mary L. Childers (his mother and father), obtained an order of executory process against the real estate securing

the note. The property was seized by the sheriff under the writ and he advertised it for sale in accordance with law. Prior to the date of the sale, plaintiff-appellant filed this suit claiming that appellee (her brother) was not the owner of the mortgage note; that he had obtained it through fraud; that, inasmuch as she owned an undivided one-third interest in the property, an injunction should issue prohibiting the sheriff from proceeding further under the writ of executory process and that, finally, she have judgment in her favor cancelling and annulling the mortgage note and declaring that appellee is not the owner thereof. Upon her allegations and prayer, she obtained a rule for appellee to show cause why a preliminary injunction should not issue restraining further proceedings under the writ. After a hearing, the judge denied the preliminary injunction and plaintiff prosecuted this devolutive appeal from the adverse decision. In the meantime, the sheriff proceeded with the advertisement and the property was sold under the writ of seizure on February 23rd, 1946.

It is apparent, at the outset, that the issue presented by this appeal is moot. The appeal is from a judgment on a rule nisi refusing the issuance of a preliminary injunction to restrain the sale of the property. Since the sale is an accomplished fact, there is no order or judgment this court could render to grant appellant the relief she seeks or undo that which has already been done.

This case is a counterpart of Unity Industrial Life Company v. Dejoie, 197 La. 38, 200 So. 813, where defendants petitioned for an injunction in the foreclosure proceedings, alleging that there was no consideration for the giving of the mortgage note and that plaintiff perpetrated a fraud in connection with its issuance. After a trial on a rule nisi, the judge refused a preliminary injunction and defendants appealed devolutively. During the pendency of the appeal the property was sold under the writ and the appellee moved to dismiss on the ground that the case was moot. In sustaining the motion, the court quoted with approval from Bank of La Fourche v. Barrios et al., 167 La. 215, 118 So. 893, 894, wherein it is stated:

"Since any decree this court could render would not have the effect of annulling the sale of the mortgaged property after its adjudication to plaintiff bank, the issues here tendered by defendant present merely moot questions, which we decline to decide." [1]

It was suggested during the oral argument that the entire case not moot inas-

[1] To the same effect see Citizens' Bank v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; King v. Hardwood Mfg. Co., 140 La. 753, 73 So. 853; Gouaux v. Lockport Central Sugar Refining Co., 156 La. 889, 101 So. 255; Ouachita National Bank v. Shell Beach Construction Co., 154 La. 709, 98 So. 160 and State v. Mutual Investment Company, Inc., 214 La. 356, 37 So.2d 817.

much as appellant has the right to have the validity of the mortgage note determined. This may be true, but that question can be decided on a trial of the case on its merits. It cannot be disposed of on this devolutive appeal concerning the sole issue of whether the trial judge properly refused the preliminary injunction, which issue has become moot "due to the fact that the property has already been sold." See Unity Industrial Life Ins. Co. v. Dejoie, supra [197 La. 38, 200 So. 814].

The appeal is dismissed.