R. R. BARROW *v.* J. KER.

*When the acceptance of a proposition to sell varies the terms presented in the proposition, the sale is incomplete.*

APPEAL from the District Court of the Parish of Terrebonne, *Cole*, J. *Beecher*, for plaintiff and appellant. *J. C. & A. Beatty*, for defendant.

BUCHANAN, J. On the 19th January, 1853, the plaintiff addressed a letter to the defendant, containing the following proposition to sell:

"I have offered you the Point Farm, all the land mentioned in the deed from *Cruger*, and all the land mentioned in the different sections as are mentioned in the sale from *A. McDonald* to me, which quantity of land I have consented to guarranty the number of acres. You to assume the payment of $5000 to . *John McDonald*, in 1852, 1853, 1854, and 1855. I have offered to sell all the mules and horses, (except six) all the plantation tools, wagons, carts, place, &c., (except the ox carts) the corn, fodder, hay &c., all the buildings and improvements on the place, all the stock of cattle, hogs, &c., except four yoke of oxen. The negroes are reserved and not sold. The molasses and sugar also reserved. I have agreed to let the negroes remain on the place and continue the planting the cane, &c., until the first of March next. I first thought I would only subrogate you to all my rights to title and guarantee of land and sell the place as it is, without the negroes, stock, tools, &c. I thought each piece of property, land, stock, provender and buildings, and seed, and stubble cane, should have a seperate valuation, set forth in the deed of sale. You have changed me in all this. I first asked you $40,000, and I now offer to take $35,000, of which $10,000 cash, $6250 in '54, $6250 in '55, $6250 in '56, $6250 in '57, with notes to their order, endorsed by them, *Wm. & J. Bisland, R. Butler, W. J. Minor, A. J. Quitman*, as you proposed, payable in New Orleans, with mortgage on the property sold. The certificate of mortgage I have shown you, which has ——— on the Point Farm, most of which has been paid, and by neglect the liens have not been raised. In making this sale with my guarantee and obligation to clear the place of liens and my own acts, I require your assistance, and I require such terms as I may perhaps find it necessary. Of course it should be done as soon as possible, but I require if necessary until the next payment falls due, say, the 1st March, 1854. I now offer you the property as above stated, and believing the crop of this year will be good for upwards of 300 hogsheads, I announce it cheap property.

Were I aware that my crop on Residence and Myrtle Grove will be sufficiently large as this crop for the assistance of their hands to take off, I would not sell for so low a price. In the meanwhile I am anxious to sell the property to you, only because I am induced to believe it will suit you, and you are anxious to purchase it. My not being anxious to sell, I am willing you should take some days to say whether you accept or not, and I name six days. I leave this morning for Lafourche place, and perhaps to the city. If you should conclude and wish to visit the place, Mr. *Pittman* will give you a letter to the overseer, *J. M. Sanders*, stating your wishes.

" Yours, respectfully,

" R. R. BARROW."

At the foot of this letter the defendant wrote as follows:

" I accept the foregoing proposition to sell the Point Farm place, and agree to everything therein contained, except the mention of names as security on the notes to be given for $25,000, and the time to be granted for the release of the mortgages now existing against the place.

" JOHN KER."

" Houma, January 25th, 1853."

Thus far there is no agreement between the parties, constituting a bargain. On the contrary, there is a difference in two essential particulars, namely, the endorsers to be given upon the notes for the credit portions of the price, and the granting of time to plaintiff for the erasure of the mortgages inscribed against him and bearing upon the property which he proposed to sell.

But the plaintiff contends that the proof of a contract must be from a letter written by the defendant to plaintiff of the following tenor:

" Houma, February 25th, 1853.

" R. R. BARROW, ESQ. :

"Dear Sir:—I returned from Natchez last Sunday, and was sorry to find that you were absent from home. I was ready to pass the sale of the Point Farm, and am anxious that it should be done as soon as possible. I am daily expecting my negroes down, and consequently am desirous that the sale should be passed as soon as may be. The Messrs. *Bisland* are both to be my endorsers upon the notes I am to give, and they are now ready to do their part towards completing the sale. I hope you will find it convenient to complete the sale soon, as at present I am having a very unsettled life.

" Respectfully, yours,

" JOHN KER."

We are unable to find, in this letter, the proof of a contract of sale. The writer displays, certainly, a great deal of anxiety to close a sale of some kind, but we are left entirely in the dark as to the conditions of the sale. We cannot infer that he accepts the conditions contained in the letter of plaintiff of the 19th January, for we find him offering only two endorsers instead of the five required by plaintiff. Neither can we infer that in the month which had elapsed, he had changed his mind as to allowing plaintiff time to erase the mortgages. The mortgage certificate which is in evidence shows that there were mortgages inscribed affecting the property in question, at that time, to the amount of upwards of forty thousand dollars, and it is utterly unreasonable to suppose, in the absence of proof, that the defendant was at any time willing to accept a conveyance of a property incumbered, ostensibly to an amount far exceeding its

16

value, and at the same time to give cash and negotiable paper to the full value of the property.

These things are necessary to constitute the contract of sale: The thing sold, the price, and the consent of the buyer and of the seller to the terms and conditions of the sale. Such consent, where the object of the sale is land, can only be evidenced by writing. We have before us the writings upon which the plaintiff has expected to establish the sale alleged in his petition; and we are constrained to say, that they are utterly insufficient for that purpose.

Judgment affirmed, with costs.