AYRES, Judge.
This action was instituted by plaintiff to enforce the specific performance of an alleged contract for the construction of a levee for the protection of Cherokee Park, a subdivision of Caddo Parish, against overflow, and to enjoin the construction of said levee otherwise than in accordance with said contract. By an amendment, plaintiff abandoned his action for specific performance and, in lieu thereof, sought to recover damages.
Named as defendants in addition to the Levee Board are Cherokee Farms, Inc., the developer of the aforesaid subdivision, and N. O. Thomas, Jr., through whom the contract for the corporation was allegedly made.
Plaintiff alleges that Cherokee Farms, Inc., for the protection of its own property, as well as for protection of property of its vendees which it had developed and sold in Cherokee Park, entered into an. agreement to construct the aforesaid levee at its own expense and to pay the property owners, whose property would be taken therefor, the difference between the assessed value, which is the alleged maximum statutory amount the Levee Board may pay for said property, and the sum of $1,175 per acre. Plaintiff alleged that seven acres of his own property would be required for said construction.
It was further alleged that the Levee Board was proceeding to construct the levee in disregard and in violation of the provisions of the aforesaid contract, and at the expense of the property taxpayers, and would do so unless restrained and enjoined. Accordingly, it was prayed that a rule nisi issue and that, in due course of proceedings, a preliminary injunction be granted and, on final trial, perpetuated and made final; and that, accordingly, said board be permanently enjoined from constructing said levee at public expense, and that specific performance of the contract be decreed. In the alternative, it was prayed that plaintiff have judgment against the defendant, N. O. Thomas, Jr., should it be shown he was without authority to act for and on behalf of the corporation in entering into the contract for the aforesaid construction.
Exceptions of no cause and of no right of action were filed and urged by all defendants. The exceptions being sustained, plaintiff appealed from judgments dismissing his action.
The remedy sought against the Board relates solely to injunctive relief to prevent the construction of said levee and in violation of the aforesaid agreement. Since that is the only relief sought as to that defendant, it is alleged, in a motion to dismiss the appeal, that the levee had already been constructed. Because of that fact, it is alleged that plaintiff has abandoned its appeal so far as that appellee is concerned. Hence, it is prayed that, as to the defendant, Levee Board, the appeal be dismissed. The facts upon which the motion to dismiss is predicated are conceded by plaintiff who, in brief, states:
“The relief sought by this plaintiff against the Levee Board cannot now be awarded him because the levee in question has already been constructed and the question has become moot.”
Accordingly, no opposition is made to the dismissal of the appeal as it relates to the Levee Board. Where the issues presented by an appeal become moot, the appeal is dismissed. Walters v. Childers, 214 La. 531, 38 So.2d 160; Unity Industrial Life Ins. Co. v. DeJoie, 197 La. 38, 200 So. 813; Bank of La Fourche v. Barrios, 167 La. 215, 118 So. 893.
The remaining issue is whether plaintiff’s petition discloses the existence of a contractual obligation on the part of the defendant, Cherokee Farms, Inc., to construct the aforesaid levee at its expense, *597 and to pay plaintiff, as well as other landowners, for the property taken for that purpose.
A determination of the issue raised by defendants’ exception, relating to the sufficiency of the allegations of plaintiff’s petition in stating a cause of action, entails a .review and discussion of the material allegations of the petition. It is alleged that N. O. Thomas, Jr., and L. R. Matthias, on behalf of Cherokee Farms, Inc., June 3, 1957, requested the president of the Levee Board to call a special meeting of the board for the consideration of constructing a levee necessary to protect property owned by that corporation as well as others in the vicinity of Cherokee Park; that, at a meeting called for June 4, 1957, attended by Thomas and Matthias, as well as another representative of Cherokee Farms, Inc., a discussion was had as to the possible inequity of taking the land of third parties for the purpose of constructing the aforesaid levee, whereupon the representatives of Cherokee Farms, Inc., withdrew from the meeting for a conference among themselves, after which they returned to the meeting and made a verbal offer to construct the levee at their expense and pay the landowners for the land taken for the levee at the rate of $1,175 per acre, less the statutory amount payable by the Levee Board. Following the alleged offer, the Board of Commissioners of the Caddo Levee District adopted the following resolution:
“Be it resolved by the Board of Commissioners of the Caddo Levee District, in legal session convened, that the Department of Public Works of the State of Louisiana be and is hereby requested to make necessary surveys and locations for a levee as close to the top bank of Old Twelve Mile Bayou as feasible, between points ‘A’ and ‘B’, as shfown on attached Cherokee Farms, Inc. map; provided, that a document be duly executed by Cherokee Farms, Inc., agreeing, at their own expense, to construct said levee; said instrument to contain agreement by Cherokee Farms, Inc. to purchase from any landowners through whose land the levee crosses, for a figure of $1,175 per acre, within a period of one year from this date; less the assessed value of said property actually occupied by the levee easement, which is to be paid by the Board of Commissioners of the Caddo Levee District. Said purchase by Cherokee Farms, Inc. to include all lands ruined by said levee, even though outside of the levee easement, on the land side of said levee to the high bank of said Bayou; excluding all property owned by the City of Shreveport.
“Be it also resolved that said proposed levee is to be maintained by Cherokee Farms, Inc. for a period of one year from date of completion, and shall be fully covered by growing sod and free of washes at the end of the one year maintenance period.
“Be it also resolved that said proposed levee is to be built by Cherokee Farms, Inc. shall be built under the supervision of the State Department of Public Works.
“Be it also resolved that the President of this Board be and is hereby authorized to sign all necessary instruments in regard to the above mentioned document, to be executed by Cherokee Farms, Inc.”
Plaintiff further alleged that the Louisiana Department of Public Works made a study of the proposed construction and made a report thereof to the Board as well as to Cherokee Farms, Inc., but that, notwithstanding plaintiff’s expressed willingness to convey such of his property as needed for the levee on payment of the price recited in the aforesaid resolution, the Cherokee Farms, Inc., never communicated with him relative thereto.
It was further shown that a special meeting of the Levee Board was also held *598 December 1, 1958, at which time plaintiff and other landowners suggested an alternative location for the levee. By resolution, the two locations were designated, conditioned on the approval of the Louisiana Department of Public Works, which was allegedly never obtained. At a subsequent meeting January 15, 1959, over the opposition of plaintiff and other landowners, a resolution was adopted for the construction of the levee by the Levee Board and solicitation of bids therefor was directed to the Department of Public Works.
The position of the defendants, Cherokee Farms, Inc., and N. O. Thomas, Jr., is that no contract, oral or written, for the construction of the proposed levee was en-cered into or executed by the Board of Commissioners of the Caddo Levee District and Cherokee Farms, Inc., or its representative.
Pretermitting any discussion as to the validity as a matter of form of defendant Cherokee Farms’ alleged verbal offer, and as to whether the resolution purported to be an acceptance thereof, it may be pointed out that, as clearly appears from the resolution itself, it would impose additional and greater obligations upon the defendant than those it proposed to assume. For instance, defendant’s obligation extended only to the construction of the levee at its expense and for payment for the land taken for that purpose at the price of $1,175 per acre, less the statutory amount payable therefor by the Levee Board; whereas the resolution provided that the defendant not only executed a written agreement to that effect but that it also purchase said property, as well as all lands ruined by said levee, even though outside of the levee easement to the high bank of the bayou, within a year from the date of the resolution. The resolution would further impose upon the defendant corporation to cover said levee with a growing sod, to maintain the levee for a year from its completion, and deliver it free of washes at the end of said period.
There are no allegations that Cherokee Farms, Inc., acceded to the aforesaid additional burdens and obligations sought to be imposed upon it beyond those specified in its alleged verbal offer. That it consented to or accepted the terms and conditions set forth in the aforesaid resolution of the Levee Board is not shown to have been made either orally or in written form.
LSA-C.C. Art. 1805 provides:
“The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him, who makes the offer, the •right to withdraw it.”
The jurisprudence in accord with the provisions of the aforesaid codal provision is that an offer must be accepted as made in order to constitute a contract; otherwise, there is no contract. Fontenot v. Huguet, 230 La. 483, 89 So.2d 45; Blythe v. Hall, 169 La. 1120, 126 So. 679; Barrow v. Ker, 10 La.Ann. 120; Bethel v. Hawkins, 21 La.Ann. 620; Benson v. Metropolitan Cas. Ins. Co. of New York, La.App. 2 Cir., 1955, 79 So.2d 345, 350. Moreover, a modification in the acceptance of a proposal constitutes, in effect, a new offer which, in order to become a binding contract, must be accepted by the one first making the proposal. LSA-C.C. Art. 1806.
As stated, it is not contended that defendant, Cherokee Farms, Inc., ever accepted or agreed to the obviously counter proposal made by the Levee Board. On the contrary, it is alleged that the Levee Board subsequently proceeded on its own accord and initiative to construct the levee. Obviously, its own interpretation was that it had no effective, binding contract or agreement whereby Cherokee Farms, Inc., would construct the levee at its expense.
We conclude, therefore, that plaintiff’s petition discloses no cause or right of action as against Cherokee Farms, Inc.
*599 For the reasons assigned, the motion of the Board of Commissioners of the Caddo Levee District to dismiss the appeal as to it is sustained, and said appeal is dismissed, and, as to the defendants, Cherokee Farms, Inc., and N. O. Thomas, Jr., the judgment appealed is affirmed, all at appellant’s cost.
Appeal dismissed as to defendant, Levee Board; judgment affirmed as to defendants, Cherokee Farms, Inc., et al.