416 So.2d 160 (1982)
Edward A. RODRIGUE, Jr. and Cynthia C. Rodrigue
v.
Klaus Peter GEBHARDT.
No. 12896.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Rehearing Denied July 16, 1982.
*161 Thomas E. Loehn, New Orleans, for plaintiffs-appellees.
Louis H. Schultz, Clark & Odenwald, Metairie, for defendant-appellee.
Before SCHOTT, AUGUSTINE and LOBRANO, JJ.
SCHOTT, Judge.
Plaintiffs Mr. and Mrs. Edward A. Rodrigue, Jr., brought this suit for liquidated damages and attorney fees based upon an alleged agreement to sell real estate to defendant, Klaus Peter Gebhardt. The trial court found that a contract was perfected and was breached by defendant. From a judgment in favor of plaintiffs, defendant has appealed.
Plaintiffs offered their house for sale. In a written agreement to purchase, defendant offered to pay $100,000 for the house with a deposit consisting of $1,000 in cash and a $9,000 demand note. Plaintiffs rejected this offer and made a counter offer to sell for $105,000 with a deposit consisting of $5,000 in cash and a $5,500 demand note, and with each party to share discount points not to exceed three. This counter offer was to remain open until 12:00 Noon on January 31, 1980. At 1:15 PM on January 31, 1980, Defendant sent the following wire:
"I ACCEPT AGREEMENT TO PURCHASE THE RESIDENCE, 819 VALENCE ST. NEW ORLEANS, FOR $105,000. PURCHASER-SELLER, EACH PAY 1 POINT. DEPOSIT OF $2,000 CASH AND $8,500 DEMAND NOTE. PETER GEBHARDT"
Defendant subsequently refused to tender the deposit, and this suit was filed.
For a contract to be formed, the acceptance must be in all things conformable to the offer. An offer must be accepted as made to constitute a contract. LSA-C.C. Arts. 1798, 1805, 1806. Blythe v. Hall, 169 La. 1120, 126 So. 679 (1930). Here the acceptance differed from the offer in two material respects. First, the "acceptance" provided for a deposit consisting of $2,000 in cash and an $8,500 demand note, while the offer called for a deposit consisting of $5,000 in cash and a $5,500 demand note. Second, the "acceptance" provided for a payment of one point by each party, while the offer called for each party to share points "not to exceed 3." Since defendant's "acceptance" did not conform to plaintiffs' offer no contract was formed. See Morere v. Dixon Real Estate Co., 188 So.2d 623 (La.App. 4th Cir. 1966), a similar case in which this court found that there was no contract where there was a variance between offer and acceptance.
A modification in the acceptance of an offer constitutes a new offer which must be accepted in order to become a binding contract. LSA-C.C. Arts. 1805 and 1806; Tombrello v. Board of Com'rs. of the Caddo Levee Dist., 129 So.2d 595 (La.App. 2nd Cir. 1961). See also Kuhn v. Stan A. Plauche Real Estate Co., 178 So.2d 296 (La.App. 4th Cir. 1965) and Marine Chart. (Gulf) Ltd. v. Boland Mach. & Mfg. Co., 273 So.2d 316 (La.App. 4th Cir. 1973). Defendant's acceptance was a new offer because it contained a modification of the terms of the offer.
Plaintiffs had to accept defendant's new offer for a binding contract to exist. The acceptance of an offer to purchase realty must be in writing. There is no evidence of such in the record and no contract was formed.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of defendant and against plaintiffs dismissing their suit at their cost.
REVERSED AND RENDERED.