| .GAIDRY, J.
This case involves an alleged agreement to sell a tract of land. The trial court granted summary judgment in favor of defendant, and plaintiff has appealed. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Defendant, The Cannata Corporation (Cannata), is the owner of lots 6, 7, and a portion of Lot 8 on the corner of Bernard Street and Highway 90 West in Morgan City, Louisiana. Cannata entered into a listing agreement with A.F. Sauls Real Estate for the sale of that property on September 6, 2001. The listing agreement provides that the price of the property shall be $45,000.00 CASH. The agreement is effective September 6, 2001 and expires on March 30, 2002.
On January 30, 2002, plaintiff, Patrick LaSalle, signed a “Residential Agreement to Purchase and Sell,” in which he offered *623 to purchase the property for $43,000.00. This document provided that the sale would be conditioned upon the following: LaSalle’s ability to obtain a conventional mortgage and borrow the sum to be determined by the lender at a fixed per annum rate of interest, an appraisal being equal to or greater than the sales price, and acceptance in writing by Cannata with notice given to LaSalle. The document is signed by LaSalle. The listing agent, Robert Bu-sinelle, Jr., signed the document as having been received by him at 2 p.m. on January 30, 2002. LaSalle gave Businelle a check in the amount of $1,000.00 as a deposit on the purchase of the property on January 30, 2002, and Businelle deposited the check into the account of A.F. Sauls Real Estate at that time. There is no signed acceptance, nor any evidence of a verbal acceptance of this offer.
|oOn March 18, 2002, LaSalle prepared another document entitled “Seller’s Counter Offer to Agreement to Purchase and Sell.” This document provides that “the ‘Residential Agreement to Purchase and Sell’ is acceptable, provided PURCHASER agrees to the following changes: new sales price to be $45,000.00.” This “counteroffer,” which was signed only by LaSalle, further stated that “ALL OTHER TERMS REMAIN UNCHANGED.”
Cannata never signed either document, nor is there any evidence of a verbal acceptance.
LaSalle offered, by certified letter dated April 9, 2002, to close the sale of the property on April 22, 2002, or another date acceptable to the parties. On April 11, 2002, Cannata’s counsel informed LaSalle’s counsel that there was no sale or agreement to sell. In this letter, Cannata also offered to sell the property to LaSalle for a new sale price of $91,008.00, explaining that the tract of land contained more property than they previously believed.
LaSalle filed this suit, seeking specific performance under the purchase agreement since Cannata refused to sell him the property for $45,000.00. Cannata filed a motion for summary judgment and a hearing was held on November 27, 2002, after which the court granted Cannata’s motion for summary judgment, dismissing La-Salle’s suit.
LaSalle appealed, asserting that the trial court erred in the following particulars:
1. In granting the motion for summary judgment denying the sale after La-Salle and Cannata agreed on the sale price;
2. In finding that the acceptance by LaSalle was actually a counteroffer;
|43. In failing to find that there were sufficient writings to establish a written agreement to sell the property;
4. In failing to find that Cannata should be estopped from refusing to complete the sale; and
5. In failing to find that the real estate broker, as Cannata’s agent, bound Cannata to the sale of the property.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a fullscale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive *624 determination of every action.” La. C.C.P. art. 966(A)(2).
The initial burden of proof remains with the mover and is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party “submit evidence showing the existence of specific facts establishing a genuine issue of material fact.” See Scott v. McDaniel, 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-1192, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967.
Ijn determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
In order for a contract to be formed, an acceptance must be in all things conformable to the offer.. An offer must be accepted as made to constitute a contract. A modification in the acceptance of an offer constitutes a new offer which must be accepted in order to become a binding contract. Rodrigue v. Gebhardt, 416 So.2d 160, 161 (La.App. 4 Cir.1982).
LaSalle asserts that Cannata’s signing of the listing agreement for the price of $45,000.00 cash was an offer to sell the property for $45,000.00 cash, which LaSalle asserts he accepted in his counter proposal of March 18, 2002. However, both the original “offer” by LaSalle and the “counteroffer” contained conditions which were never accepted by Cannata. The conditions regarding the mortgage and financing, the appraisal, and written acceptance by Cannata varied the terms of the original offer. Thus, acceptance by Cannata was required before an agreement was formed. This acceptance never occurred; therefore, there was no agreement to sell.
There is no genuine issue as to material fact in this case, and summary judgment was appropriate.
h,DECREE
The December 16, 2002 judgment of the trial court granting Cannata’s motion for summary judgment is affirmed. Costs of this appeal are assessed to plaintiff, Patrick LaSalle.
AFFIRMED.