PEATROSS, J.
Iiln this case involving the potential sale of real property, the trial court granted a motion for summary judgment in favor of the prospective purchaser and ordered specific performance. The sellers refused to comply, were held in contempt of court and, ultimately, the trial court vested ownership of the subject property in the purchasers and directed that the sales price be deposited in the registry of the court. This appeal by the sellers ensued. For the reasons stated herein, the judgment of the trial court is reversed, the orders disbursing realtor fees are vacated and judgment is rendered in favor of Defendants/sellers.

FACTS

The real property involved in this case is 39 acres located in Ouachita Parish, Louisiana. Defendants and “would-be sellers” Willie Ealy and Ezell Ealy, Jr. entered into an Exclusive Right to Sell Agreement (“the Listing Agreement”) with Century 21, Shackelford-French Real Estate, Inc. (“Century 21”) to act as its broker in selling the property at a listing price of $2.9 million. The Listing Agreement stated an expiration date of October 23, 2004. Theus Consulting Company, L.L.C. (“Theus”)[1], represented by Jay Johnson and John Rea Realty, initially tendered an offer to purchase the property for $2.4 million. The Ealys responded with a counter offer of $2.545 million, which was accepted by Theus. Prior to closing, however, Theus was informed that one of the Ealys failed to sign the contract for sale and that there would be no sale at that price. Ultimately, in September 2004, Theus verbally advised Luther Shackelford | ¡¡of Century 21 that it would agree to pay the asking price of $2.9 million. According to Theus, Mr. Shackel-ford indicated that they had a “deal.” Subsequently, Theus submitted to Century 21 an Agreement to Buy and Sell Land (“the Purchase Agreement”) for 2.9 million. The Ealys never signed the Purchase Agreement and refused to convey the property to Theus.
On October 22, 2004, Theus filed suit for specific performance and cross-motions for summary judgment were filed. Theus argued that the Listing Agreement was a valid offer setting forth price and thing and that the Purchase Agreement was an *497 acceptance of that offer making the agreement binding on the Ealys, even absent their signatures on the Purchase Agreement. On the other hand, the Ealys argued that the Listing Agreement was merely a contract between them and Century 21 and was not an offer to potential purchasers. In addition, they asserted that there were terms contained in the Purchase Agreement that did not appear in the Listing Agreement and the Ealys never agreed to these extraneous provisions.
The trial court found that the Listing Agreement was an offer to sell for $2.9 million that was accepted by the Ealys and, as such, was not required to be in writing' — or, specifically, the fact that the Purchase Agreement was not signed by the Ealys did not invalidate the offer and acceptance. The trial court gave the parties one week to “work out their differences,” during which time a closing was scheduled. The Ealys, again, did not show up for the closing. Subsequently, the trial court granted Theus’ motion for summary judgment, ordering specific performance of the | o$2.9 million sales price. The Ealys failed to comply and were held in contempt by order of the trial court. The order further vested ownership of the property in Theus upon deposit of the $2.9 million into the registry of the court. This appeal by the Ealys ensued.

DISCUSSION

In determining whether summary judgment is appropriate, appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is proper. Suire v. Lafayette City-Parish Consol. Government, 04-1459 (La.4/12/05), 907 So.2d 37. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
In the case sub judice, the Ealys assert the following assignments of error (verbatim):
1. The trial court erred as a matter of both fact and law in granting summary judgment.
2. The trial court erred as a matter of both fact and law in finding that the exclusive right to sell/listing agreement was valid in that it did not bear the signature of all owners in indivisión and named appellees were aware of this fact.
3. The trial court erred as a matter of both fact and law in holding the purchase agreement valid.
U4. The trial court erred as a matter of both fact and law in ordering the transfer of community property, the payment of realtor fees, and holding of appellants in contempt for failure to sign said sell/purchase agreement.
5. The trial court erred as a matter of both fact and law in rendering a judgment against unrepresented parties.
These assignments of error can be condensed to two primary questions: (1) whether or not the Listing Agreement was, in fact, a valid agreement and/or offer and, if so, (2) whether the Purchase Agreement constituted an acceptance of that of *498 fer resulting in an enforceable contract for the sale of the property.
Regarding the first question concerning the Listing Agreement, La. R.S. 37:1431(30) defines a listing agreement as follows:
(30) “Listing agreement” means a written document signed by all owners of real estate or their authorized attorney in fact authorizing a broker to offer or advertise real estate described in such document for sale or lease on specified terms for a defined period of time. A listing agreement shall only be valid if signed by all owners or their authorized attorney in fact. (Emphasis added.)
The Listing Agreement in this case was signed by Willie Ealy and Ezell Ealy, Jr. The subsequent Purchase Agreement, drafted and presented to Century 21 by Theus, states the sellers to be “Willie Ealy, Ezell Ealy, -ET AL.” The settlement statement for this proposed closing, which is contained in the record on appeal, indicates the sellers of this land to be “Willie Ealy and Dorothy Tarver Ealy.” From a reading of these documents, which are contained in the record on appeal, it is apparent that there exist additional owners of the subject property whose signatures do not appear on the Listing Agreement. We find no definitive answer in this | ¡¡record as to who comprises the “ET AL” as noted on the Purchase Agreement, but this notation indicates that Theus was aware that there were more owners than Willie and Ezell Ealy. For this reason, we conclude that the Listing Agreement was not valid and, further, did not constitute a valid offer to sell the property.[2]
We will now briefly address the second question raised regarding the sufficiency of the Purchase Agreement as an acceptance. Assuming, arguendo, that the Listing Agreement did suffice as a valid offer (even if only as to Willie and Ezell Ealy’s undivided interest in the property) or that there exist factual issues as to its validity, we conclude that the Purchase Agreement was not an acceptance of that offer, but was a counteroffer, which was never accepted by the Ealys.
In order for a contract to be formed, an acceptance must be in all things conformable to the offer. An offer must be accepted as made to constitute a contract. A modification in the acceptance of an offer constitutes a new offer which must be accepted in order to become a binding contract. LaSalle v. Cannata Corp., 03-0954 (La.App. 1st Cir.4/2/04), 878 So.2d 622, writ denied, 04-1100 (La.6/25/04), 876 So.2d 840, citing Rodrigue v. Gebhardt, 416 So.2d 160 (La.App. 4th Cir.1982). The Purchase Agreement contains two provisions that were not contained in the Listing Agreement. First, the Purchase Agreement provides that the “[b]uyer has the sole right to assign this Agreement prior to closing.” J^Second, it provides that, in the event of litigation, the losing party will pay the prevailing party’s costs and reasonable attorney fees. These provisions modify or add to the provisions of the original “offer” and, therefore, constitute a counteroffer rather than an acceptance. The verbal assurance of Theus’ counsel to the trial court that these provisions were not integral to the agreement does not change the express conditions *499 contained in the documents at issue. On its face, the Purchase Agreement contains additional provisions to which the proposed sellers did not agree. There was no acceptance and, thus, no enforceable contract of sale.[3]

DECREE

For the foregoing reasons, the judgment of the trial court granting Theus Consulting Company, L.L.C.’s motion for summary judgment is reversed. The orders of the court disbursing realtor fees to Century 21, Shackelford-French Real Estate, Inc. and Jay Johnson and John Rea Realty are vacated and judgment is hereby rendered in favor of Defendants Willie Ealy and Ezell Ealy, Jr. Costs of this appeal are assessed to Theus Consulting Company, L.L.C.
REVERSED; ORDERS VACATED AND JUDGMENT RENDERED.
GASKINS, J., concurs without reasons.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, PEATROSS, DREW and LOLLEY, JJ.
Rehearing denied.

. This offer was actually made by American Capital, Inc., Theus' predecessor in interest. For clarity, we will refer to the entity as Theus throughout this opinion.

. In addition, we note that Willie Ealy and Ezell Ealy, Jr., as partial owners of the property, could not convey marketable title to this property as provided in the Listing Agreement. The only interest these two individuals could convey is their undivided interest in the property. Any intent of Willie Ealy and/or Ezell Ealy, Jr. to this effect is not stated in any of the documents contained in this record.

. We also note Theus' assertion that it verbally accepted the "offer” to Mr. Shackelford, who, according to Theus, indicated there was a "deal.” We do not find this verbal exchange, followed by the written counteroffer (Purchase Agreement), to constitute a valid acceptance,