STEVEN M. JOFFRION, SR. AND STACY PIERCE JOFFRION
v.
WILLIAM S. FERGUSON AND TONYA S. FERGUSON.
No. 2008 CA 1791.
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
LARRY W. BUQUOI, Prairieville, LA, Attorney for Plaintiffs-Appellees Steven M. Joffrion, Sr. and Stacy Pierce Joffrion
ROBERT L. GRAVES, Baton Rouge, LA, Attorney for Defendants-Appellants William S. Ferguson and Tonya S. Ferguson.
Before: PARRO, McCLENDON, and WELCH, JJ.
WELCH, J.
Defendants, William S. Ferguson and Tonya S. Ferguson (Fergusons), appeal a summary judgment finding them in breach of an agreement to purchase real estate and ordering them to pay plaintiffs, Steven M. Joffrion, Sr. and Stacy Pierce Joffrion (Joffrions), stipulated damages, brokerage fees, attorney fees, and filing fees. We reverse.

BACKGROUND
In June of 2005, the Joffrions, owners of immovable property located in Prairieville, Louisiana, began negotiations to sell the property to the Fergusons. The prospective sellers and prospective buyers were represented by dual agent Ruth Ann Golden. Throughout June and July, the parties made a series of written offers and counteroffers that were not accepted. On July 21, 2005, the Joffrions submitted an offer to sell the property to the Fergusons for the sum of $1,375,000.00, subject to certain conditions. Later that evening, the Fergusons executed a document labeled "Counteroffer to Agreement to Purchase and Sell" in which they agreed to the sales price, but altered the conditional language contained in the Joffrions' offer. The Fergusons' offer stated that it was irrevocable until 10:00 p.m. on July 21, 2005. On July 22, 2005, at 9:00 a.m, the Joffrions accepted the Fergusons' offer.
The sale was not perfected, and on September 26, 2005, the Joffrions filed this lawsuit against the Fergusons seeking specific performance of the purchase agreement as amended by the various counteroffers signed and accepted by the parties. The Joffrions also sought to recover brokerage fees, attorney fees, and damages for the Fergusons' alleged breach of contract.
On March 31, 2006, the Joffrions filed an amended petition in which they revealed that on March 13, 2006, they sold the subject property to third party buyers for the sum of $1,381,500.00. The Joffrions sought to recover, in addition to all of the damages alleged in the original petition, damages they averred resulted from the Fergusons' failure to purchase the property in a timely manner.
Thereafter, the Joffrions filed a motion for summary judgment. In support thereof, they introduced affidavits of Steven Joffrion, Sr. and Ms. Golden, along with the written documents executed in connection with the parties' negotiations. These documents reflect that on November 3, 2004, the Joffrions listed the subject property with Saurage Realtors through its designated agent, Ms. Golden, with a purchase price of $1,625,000.00. On June 22, 2005, the Joffrions and Fergusons signed an agreement authorizing Ms. Golden to act as a dual agent representing both the sellers and purchasers in connection with the sale of the subject property. That same day, the Fergusons signed a standard real estate agreement to purchase and sell, offering to buy the home for $1,000,000.00, contingent upon the sale of their home. The Joffrions signed a counteroffer the next day, amending the sales price to $1,495,000.00 and adding stipulations; however, the offer was not accepted by the Fergusons prior to its expiration date.
On July 15, 2005, the Fergusons signed a second agreement to purchase and sell, offering to buy the home for $1,350,000.00 subject to certain stipulations. The Joffrions countered, offering to sell the home for $1,440,000.00 with certain stipulations. No action was taken by the Fergusons prior to the expiration of this offer.
On July 19, 2005, the Joffrions executed a document styled "Counteroffer to Agreement to Purchase and Sell," in which they agreed to sell the home for the sum of $1,400,000.00, subject to various stipulations. This offer was not accepted by the Fergusons.
On July 21, 2005, at 9:00 a.m., the Joffrions executed another standard real estate agreement to purchase and sell in which they agreed to sell the property to the Fergusons for the sum of $1,375,000.00. The "other conditions of sale" clause contained in the agreement stated:
All draperies to remain, excluding master suite. Mural in dining room to remain[.]
Seller to have all HVAC, plumbing and electrical system[s] in proper working condition. All other remedies to be at the expense of the Buyer. Seller to provide a written statement of ceiling damage in LR/DR and make necessary repairs to match other ceiling areas.
Buyer to have option to extend closing date for 30 days (for 3 consecutive 30 day periods) at a price of $7800 per extension. Buyer to give Seller a 30 day written notice prior to closing.
Outside kitchen including stove, barbque [sic] pit, fryer & refrigerator to remain.
This offer was to remain irrevocable until 10:00 a.m. on July 22, 2005.
On July 21, 2005, the Fergusons executed a document styled "COUNTEROFFER TO AGREEMENT TO PURCHASE AND SELL," in which they agreed to pay the sum of $1,375,000.00 for the property. The document contains the following language: "[t]he outside kitchen (stove, Bar B Q pit[,] fryer & [r]efrigerator and apparatus will remain." The document states that the offer would expire unless the seller executed written acceptance on or before July 21, 2005, at 10:00 p.m. On July 22, 2005, at 9:00 a.m., the Joffrions accepted the Fergusons' counteroffer in writing.
In support of their motion for summary judgment, the Joffrions insisted that their acceptance of the Fergusons' counteroffer finalized the contract to purchase, thereby creating a binding obligation on the part of the Fergusons to purchase their home, and entitling them to recover stipulated damages, attorney fees, and brokerage fees for the Fergusons' breach of contract. They insisted that although the Fergusons' offer had on its face expired at the time the offer was accepted, the time for acceptance of the offer had been extended by the Fergusons through their agent, Ms. Golden. In her affidavit, Ms. Golden attested that she received the Joffrions' offer around 9:00 p.m. on July 21, 2005, and presented the offer to the Fergusons. The Fergusons faxed Ms. Golden a counteroffer containing the changes they desired. Ms. Golden stated that on July 22, 2005, she presented the Fergusons' counteroffer to Ms. Joffrion, who signed, accepting the contingency and the Fergusons' counteroffer. Ms. Golden attested that the Fergusons instructed her that the changes they made to the Joffrions' offer were to be irrevocable until 10:00 a.m. on July 22, 2005, and the Joffrions accepted the changes in a timely manner at 9:00 a.m. on July 22, 2005.
The Joffrions also filed a supplemental memorandum in support of their motion for summary judgment, in which they asserted that the failure of the Fergusons to file answers to their requests for admissions of fact within the time period provided for by the trial court constituted admissions that an agreement to purchase and sell existed between the Joffrions and the Fergusons. The Joffrions urged that as a result of the admissions, the existence of a purchase agreement was conclusively established; therefore, because there was no genuine issue of material fact regarding the existence of a valid and enforceable contract, they were entitled to summary judgment finding the Fergusons in breach of the contract and liable for damages provided for in the contract.
In opposition to the motion for summary judgment, the Fergusons argued that the Joffrions did not timely accept their July 21, 2005 offer. The Fergusons relied on the written language of their counteroffer stating that the offer would remain binding and irrevocable until 10:00 p.m. on the evening of July 21, 2005. The Fergusons argued that because the Joffrions failed to execute a written acceptance on or before the expiration date of their counteroffer and, because no further offers or counteroffers were made by the parties, there existed no valid contract for the purchase and sale of the property. In opposition to the motion for summary judgment, the Fergusons offered their July 21, 2005 counteroffer and Mr. Fergusons' affidavit, in which he reiterated that by its own terms, the offer he tendered to the Joffrions on July 21, 2005, had expired at the time the Joffrions attempted to accept the offer.
Following a hearing, the trial court granted summary judgment in favor of the Joffrions,[1] finding a valid agreement to sell and purchase the subject property was confected by the Joffrions and the Fergusons. The court awarded damages in the amount of $183,968.33 as follows: $68,750.00 in stipulated damages, representing 5% of the $1,375,000.00 purchase price; $68,750.00 in brokerage fees, representing 5% of the purchase price; attorney fees in the amount of $45,833.33, representing 33 1/3% of both the stipulated damage and brokerage awards; and filing fees in the amount of $635.00. The Fergusons appealed.

SUMMARY JUDGMENT
An appellate court reviews the trial court's decision to grant or deny a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Boudreaux v. Vankerkhove, 2007-2555, p. 5 (La. App. 1st Cir. 8/11/08), 993 So.2d 725, 729-30. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden is on the mover to present a prima facie case showing that no genuine issues of material fact exist. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Jones v. Estate of Santiago, XXXX-XXXX, p. 5 (La. 4/14/04), 870 So.2d 1002, 1006; Lewis v. Four Corners Volunteer Fire Department, XXXX-XXXX, p. 4 (La. App. 1st Cir. 9/26/08), 994 So.2d 696, 699. Any doubts as to a dispute regarding a genuine issue of material fact must be resolved against granting the motion and in favor of trial on the merits. Lewis, XXXX-XXXX at p. 4, 994 So.2d at 698.
The Joffrions argue that they are entitled to summary judgment because the evidence demonstrated that a valid, binding, and enforceable contract to sell the subject property was executed between the Joffrions and the Fergusons. The Joffrions advance three theories as to why they should be entitled to summary judgment. First, they submit that the Fergusons' July 21, 2005 response to their offer constituted a timely acceptance of their offer to sell the property and bound the parties to the contract. Second, they urge that even if the Fergusons' response is deemed to be a counteroffer, the Joffrions timely accepted that counteroffer, thereby giving rise to an enforceable contract to sell. Alternatively, they contend that because the Fergusons failed to answer their requests for admissions regarding the formation of a valid purchase agreement in a timely manner, the existence of a contract to sell is conclusively established by law and properly served as the basis for the entry of summary judgment by the trial court.
We first address the Joffrions' argument that the Fergusons' timely response to their July 21, 2005 offer constituted an acceptance of the Joffrions' offer rather than a counteroffer, and thus, a valid and enforceable contract to sell came into existence upon the Fergusons' timely acceptance of their offer. The Joffrions argue that any changes made by the Fergusons in response to their offer were not substantial and did not indicate an intent on the part of the Fergusons to make a counteroffer rather than an acceptance of their offer. They urge that the language utilized by the Fergusons merely clarified the original offer and did not constitute an addition to or modification of the original offer.
The Joffrions' July 21, 2005 offer contained language providing that the "[o]utside kitchen including stove, barbque [sic] pit, fryer & refrigerator" would remain. The Fergusons' response provided that "[t]he outside kitchen (stove, Bar B Q pit[,] fryer, and [r]efrigerator and apparatus" would remain. The Fergusons argue that because their response did not conform to the Joffrions' offer, it cannot be deemed an acceptance of the offer and must be deemed to be a counteroffer. They submit that the term "apparatus" is clearly an addition to the terms of the Joffrions' offer. At the very least, the Fergusons argue, there exists a genuine issue of material fact as to whether their response constituted an acceptance or a counteroffer, thereby precluding the entry of summary judgment on the first theory advanced by the Joffrions.
We agree. A contract is formed by the consent of the parties established through offer and acceptance. La. C.C. art. 1927. An acceptance not in accordance with the terms of an offer is deemed to be a counteroffer. La. C.C. art. 1943. In order for a contract to be formed, an acceptance must be in all things conformable to the offer. LaSalle v. Cannata Corporation, XXXX-XXXX, p. 5 (La. App. 1st Cir. 4/2/04), 878 So.2d 622, 624, writ denied, XXXX-XXXX (La. 6/25/04), 876 So.2d 840. A modification in the acceptance of an offer constitutes a new offer which must be accepted in order to become a binding contract. Id. The Joffrions' offer provided for certain items in the outside kitchen to remain; however, the Fergusons' response detailed all of those items and added the term "apparatus." No evidence was offered as to the nature of the outside kitchen so as to support the Joffrions' claim that the addition of the term "apparatus" in the Fergusons' response was insignificant or a mere clarification of their offer. In the absence of such evidence, and because the Fergusons' response contained language altering that contained in the Joffrions' offer, we can only conclude that the Joffrions failed to demonstrate that the Fergusons' response constituted an acceptance of their offer rather than a counteroffer. Accordingly, the Joffrions were not entitled to summary judgment on this theory.
Next, we examine the Joffrions' argument that even if the Fergusons' response is deemed to be a counteroffer, their timely acceptance of that counteroffer created a valid and enforceable contract to sell. The counteroffer proffered to the Joffrions by its terms provided that it was irrevocable and binding until 10:00 p.m. on July 21, 2005. The Joffrions presented the affidavit testimony of Ms. Golden that the Fergusons instructed her to extend the time the Joffrions had to accept the offer to 10:00 a.m. on July 22, 2005. This statement directly contradicts the terms of the written contract and serves to create a genuine issue of material fact as to whether the Joffrions' acceptance outside of the written time limitation was effective to create a binding agreement. In short, the Joffrions did not bear their burden of demonstrating there was no genuine issue of material fact as to whether their acceptance outside of the time period contained in the Fergusons' counteroffer was timely so as to create a valid and enforceable contract.[2]
The final theory advanced by the Joffrions in support of the granting of the motion for summary judgment is that the existence of a valid and enforceable purchase agreement is deemed admitted and conclusively established by the Fergusons' failure to timely respond to their request for admissions regarding the existence of the agreement. They posit that because the existence of the purchase agreement was conclusively established, it is undisputed that a valid contract was entered into, and therefore, the trial court properly entered summary judgment on the breach of contract claim.
We find no merit to this argument. The record reflects that the lawsuit was filed on September 26, 2005; on that same day, the Joffrions filed into the records copies of requests for admissions of fact propounded to William and Tonya Ferguson individually. The Fergusons were asked to admit or deny that they entered into an agreement to purchase and sell the subject property. On November 7, 2005, the Fergusons filed an unopposed motion for extension of time to answer and respond to discovery. In the motion, the Fergusons noted that they had been served with the petition on October 19, 2005, and had also been served with the discovery requests. The Fergusons asked for an additional 30 days from November 4, 2005, the date an answer would be due, until December 4, 2005, to answer and respond to the discovery requests. The trial court granted their request. On December 2, 2005, the Fergusons fax filed an answer in which they denied the Joffrions' allegations regarding the existence of a valid and enforceable contract and denied any liability for damages for breach of contract. On December 19, 2005, the Fergusons forwarded their responses to the Joffrions' request for admissions of fact in which they denied that they entered into an agreement with the Joffrions to purchase and sell the subject property. Additionally, in opposition to the motion for summary judgment, the Fergusons offered evidence in support of their claim that no valid contract was perfected between the parties.
A party may serve upon another party a written request for the admission of the truth of any relevant matters of fact. La. C.C.P. art. 1466. Generally, the matter is deemed admitted if the party to whom the request is directed does not respond within 15 days after service of the request. La. C.C.P. art. 1467. Any matter deemed admitted under Article 1467 is conclusively established unless the court, on its own motion, permits the withdrawal or amendment of the admission. La. C.C.P. art. 1468.
As a general rule, courts have given full effect to Articles 1467 and 1468 when there has been a total lack of response to a request for admissions. Prestage v. Clark, 97-0524, p. 7 (La. App. 1st Cir. 12/28/98), 723 So.2d 1086, 1090, writ denied, 99-0234 (La. 3/26/99), 739 So.2d 800; Vardaman v. Baker Center, Inc., 96-2611, p. 7 (La. App. 1st Cir. 3/13/98), 711 So.2d 727, 732. Such is not the case here. On November 7, 2005, the Fergusons filed an unopposed motion for additional time to answer and respond to the discovery requests, in which they noted that they were served with the discovery requests on October 19, 2005. The trial court granted the motion. Within the extended time period, the Fergusons fax filed an answer in which they denied the existence of a valid contract. Shortly thereafter, on December 19, 2005, the Fergusons answered the request for admissions denying the existence of a valid contract. The Fergusons clearly took steps to prevent the matters from being deemed admitted: they denied the existence of a valid contract within the extended time period for answering the petition; they responded to the request for admissions three weeks later; and they opposed the motion for summary judgment with evidence denying the existence of a valid contract. Under these circumstances, we can only conclude that the existence of a valid contract was not conclusively established by the Fergusons' slightly late-filed answers to requests for admissions, and the trial court's granting of the motion for summary judgment is not supportable on the final theory advanced by the Joffrions.

CONCLUSION
Based on the foregoing, we find that a genuine issue of material fact exists regarding whether the Joffrions and Fergusons entered into a binding and enforceable contract to buy and sell immovable property. Therefore, the trial court erred in entering summary judgment on the breach of contract and damage issues. The case is remanded for proceedings consistent with this opinion. All costs of this appeal are assessed to appellees, Steven M. Joffrion, Sr. and Stacy Pierce Joffrion.
REVERSED AND REMANDED.
McCLENDON, J., concurs and assigns reasons.
I agree with the result reached by the majority. However, a mandate's authority to extend the time limit of a written offer in conjunction with a purchase agreement to sell immovable property must be express and also in writing. See LSA-C.C. arts. 1927, 2440, and 2993. Thus, this issue presents a question of law. For these reasons, I respectfully concur.
NOTES
[1] The motion was tried and the judgment rendered by Judge Pegram J. Mire, Jr. before he resigned. Judge Pro Tempore Mathile W. Abranison was appointed to fill out the remainder of the term and, pursuant to La. R.S. 13:4209(B)(1), she signed the judgment.
[2] The Joffrions stress that Ms. Golden's statement was unrefuted. However, that fact does not make summary judgment appropriate. Rather, because the Joffrions did not satisfy their burden of demonstrating the absence of a material factual dispute on the timeliness issue, the burden never shifted to the Fergusons to offer testimonial evidence refuting Ms. Golden's affidavit. Moreover, had the Fergusons done so, a credibility issue would have arisen, which could not be resolved on a motion for summary judgment.